## 56980. NEWSOME v. THE STATE.

BIRDSONG, Judge.

Newsome appeals his conviction, by a jury, of the offense of voluntary manslaughter. *Held:*

1. "As to the general grounds, this court is bound by the 'any evidence' rule and must accept the state's version of the evidence, as was done by the jury and the trial judge." *Franklin v. State,* 136 Ga. App. 47, 48 (1) (220 SE2d 60). The evidence authorized the verdict. Enumerated error no. 1 is without merit.

2. Enumerated errors 2, 3, and 4 relate to the admission of evidence pertaining to the appellant's arrest following the commission of a battery which culminated

in the offense for which he was convicted. At trial, appellant objected to the admission of the evidence of the arrest upon the grounds that the evidence was irrelevant and immaterial and that the arrest was without probable cause. The evidence shows that the police received a report that Newsome was beating Mr. Arrington "real bad." Upon arriving upon the scene, the officer observed the reported victim bleeding from the head and saw Newsome outside Newsome's shop. When the officer attempted to ask Newsome what had happened, Newsome became hostile. Apparently based upon the reported battery, the bleeding victim, and Newsome's hostility, the officer placed Newsome under arrest.

It is well settled that evidentiary facts pertaining to "[t]he flight of the accused, where and when arrested, whether he resisted or not, how he was armed, and all the circumstances attending his arrest, are admissible to be considered by the jury for what they are worth." *Wayne v. State,* 56 Ga. 113, 114 (5). See *Newman v. State,* 239 Ga. 329 (236 SE2d 673); *Bixby v. State,* 234 Ga. 812 (218 SE2d 609); *State v. Luke,* 232 Ga. 815 (209 SE2d 165). The evidence of which appellant complains was thus properly admitted for the purposes stated above.

Moreover, under the facts, the officer had probable cause to arrest Newsome for a battery upon Arrington as well as a battery upon himself in that Newsome acted in a hostile manner and resisted arrest. Finally, we note that the trial court allowed the evidence for the limited purpose of showing Newsome's state of mind. For any of these reasons enumerated errors 2, 3, and 4 are without merit.

3. The trial court did not err in overruling appellant's motion for mistrial on the ground of the state's allegedly improper reference, in closing argument, to certain defense witnesses as "bald face liars" where the evidence authorized the jury to conclude that said witnesses were in fact untruthful. See *Shy v. State,* 234 Ga. 816, 824 (III) (218 SE2d 599); *Bruce v. State,* 142 Ga. App. 211 (6) (235 SE2d 606). Enumerated error no. 5 is without merit.

4. Enumerated error no. 6 is expressly abandoned by the appellant and therefore presents nothing for decision.

*Terrell v. State,* 138 Ga. App. 74 (225 SE2d 470).

5. Evidence adduced at trial showed that the victim, prior to his demise, fell down several steps, and further, that such a fall could "possibly" result in a ruptured spleen and eventually, death. Contrary to appellant's contentions, this evidence does not raise the issue of accident or misfortune within the meaning of Code Ann. § 26-602; rather, it relates solely to the issue of causation, as adequately charged by the trial court. See *Johnson v. State,* 239 Ga. 324 (236 SE2d 661). Enumerated error no. 7 is without merit.

6. The jury requested a recharge on the definitions of voluntary and involuntary manslaughter, and the trial court charged verbatim the language of Code Ann. §§ 26-1102 and 26-1103. This charge was sufficient. *Marshall v. State,* 143 Ga. App. 249 (237 SE2d 709). Enumerated error no. 8 is without merit.

*Judgment affirmed. Quillian, P. J., and Smith, J., concur.*

SUBMITTED JANUARY 15, 1979 — DECIDED FEBRUARY 9, 1979 — REHEARING DENIED MARCH 20, 1979.

*Joe W. Rowland,* for appellant.

*H. R. Thompson, District Attorney, Charles W. Cook, Assistant District Attorney,* for appellee.

