58328. SMITH v. THE STATE.

McMURRAY, Presiding Judge.

Defendant was indicted, tried and convicted of the offense of armed robbery. He was sentenced to serve 20 years. A motion for new trial was filed, amended, and, after hearing, denied. Defendant appeals. *Held:*

1. The first enumeration of error is concerned with the failure of the trial court to grant defendant's motion to suppress certain evidence and also in allowing this illegally seized evidence into the trial of the case. A warrant had been obtained for the arrest of the defendant. Defendant had arranged a clandestine meeting with a Cobb County officer, acting in an undercover capacity, for the purpose of considering other robberies. When the defendant arrived in Cobb County at the planned location he was immediately placed under arrest and his

automobile was impounded. An impound search of the automobile was made on a property control sheet before the vehicle was turned over to a wrecker service.

The case is similar on its facts as to a search of a defendant's belongings in *Mooney v. State,* 243 Ga. 373 (254 SE2d 337). Weapons and other objects for use in a robbery were discovered here. See also South Dakota v. Opperman, 428 U. S. 364, 369 (96 SC 3092, 49 LE2d 1000). Compare United States v. Chadwick, 433 U. S. 1, 10 (97 SC 2476, 53 LE2d 538). The search was not illegal, and there is no merit in this complaint.

2. "Arguments of counsel shall be confined to the law and the facts involved in the case then before the court . . . Counsel shall not be permitted, in the argument of criminal cases, to read to the jury recitals of fact or the reasoning of the court as applied thereto, in decisions by the Supreme Court or Court of Appeals." Code Ann. § 24-3319; Rule 19 (Superior Courts). But counsel may read and comment on the law and call the court's attention to the applicable principles involved in a criminal case. See *Powell v. State,* 65 Ga. 707 (3), 708; *Weatherby v. State,* 213 Ga. 188, 193 (5) (97 SE2d 698); *Goodrum v. State,* 240 Ga. 678, 679 (3) (242 SE2d 158); *Hall v. State,* 241 Ga. 252, 256-257 (6) (244 SE2d 833).

In arguing the admission in evidence of certain exhibits, counsel for the state argued that in various cases certain items had been allowed in evidence subject to objection which were similar to the items here. In reading from these cases to the jury in which these items were mentioned as having been allowed in evidence, this did not amount to the reading to the jury of recitals of fact in those cases since the items in and of themselves were a part of the established case law. Further, the ground for objection made upon the assistant district attorney's reading these cases was that they were "highly distinguishable from this case" and not that the assistant district attorney was violating Rule 19, supra. There is no merit in this complaint.

3. In ruling upon the above matter with reference to the items found in the defendant's automobile, the trial court did not err in admitting same "for the limited purpose of showing intent, motive, and course of conduct,

and for that purpose only in this case." See *Jones v. State,* 242 Ga. 893, 894 (252 SE2d 394); *Dillard v. State,* 147 Ga. App. 587, 589 (6) (249 SE2d 640); *Newsome v. State,* 149 Ga. App. 415, 416 (254 SE2d 381).

4. In the next enumeration of error the defendant contends that he was not allowed the opportunity to challenge the array of petit jurors after a timely motion. However, the motion made was that the court bring in another panel of jurors rather than the panel he had because he knew "Fulton County is composed about 50 percent black, [and this jury] has only one-eighth blacks on this array of the jury right here, only six jurors out of what, forty-eight?" The enumeration now before the court is that the trial court overruled his motion and erred in failing to allow defendant "an opportunity to challenge the array of petit jurors, after a timely motion was made." The challenge to the array, if it be conceded that such was the case, was never reduced to writing as required by Code § 59-803. Further, there is no constitutional guarantee that grand or petit juries, impaneled in a particular case, will constitute a representative cross section of the entire community which apparently counsel only discovered after he viewed the jury, distinguishing blacks and whites, *"in this case"* and from his own knowledge, knowing that Fulton County "is composed about 50 percent black." See *Campbell v. State,* 240 Ga. 352, 356 (5) (240 SE2d 828).

5. Defendant next enumerates error to the assistant district attorney continually objecting and interrupting the defendant's closing argument without necessity of showing need for same. In each instance the objection was sustained by the court in that the point being argued was either not in evidence, irrelevant, or were misstatements of fact and for improperly marking a map. We do not find that the trial court abused its discretion in making these rulings here. There is no merit in this complaint.

6. While it is improper for a district attorney to urge his personal belief, either as to the defendant's guilt or the veracity of the witnesses, he still is authorized to draw these conclusions from facts proven. See *Smith v. State,* 141 Ga. App. 529, 531 (2) (233 SE2d 841). It was therefore not improper for the assistant district attorney here in his

argument to infer that the defendant was not telling the truth. Where the argument is based on evidence, conflicts in evidence, or lack of evidence and deductions, even far-fetched deductions, such argument is proper even if it questions the veracity of the defendant. See *Ruffin v. State,* 243 Ga. 95, 102-103 (13) (252 SE2d 472); *Dudley v. State,* 148 Ga. App. 560, 563 (4) (251 SE2d 815).

7. The evidence was sufficient to support the verdict. *Harris v. State,* 234 Ga. 871, 873 (218 SE2d 583); *Moore v. State,* 240 Ga. 807, 811 (II(1)) (243 SE2d 1). Furthermore, a review of the trial transcript and record convinces us and we so hold that a rational trier of fact (the jury in this case) could .readily have found the defendant guilty beyond a reasonable doubt of the offense of armed robbery under Georgia law.

*Judgment affirmed. Banke and Underwood, JJ., concur.*

ARGUED SEPTEMBER 24, 1979 — DECIDED OCTOBER 11, 1979 —

*Donald J. Stein,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Benjamin H. Oehlert, III, Assistant District Attorneys,* for appellee.