## 62721. EDWARDS v. THE STATE.

CARLEY, Judge.

Appellant was indicted, tried and convicted of rape, aggravated sodomy, two counts of kidnapping and motor vehicle theft.

1. Appellant enumerates as error the trial court's refusal on voir dire to excuse two prospective jurors for cause. Appellant was forced to use two of his peremptory challenges to strike these jurors. One of the jurors was the brother of a deputy sheriff who was listed as a witness for the state. The other juror was the brother of a deputy sheriff who was serving as the bailiff of the court. Both prospective jurors were questioned by the court and answered that their fairness and impartiality would not be compromised by their relationships.

Citing *Hutcheson v. State,* 246 Ga. 13 (268 SE2d 643) (1980), appellant asserts that the two jurors, as brothers of law enforcement officers, were not "above suspicion" and were subject to challenge for cause. It was held in *Hutcheson* that, as prospective jurors, law enforcement officers are subject to challenge for cause in a criminal case. "It is inherent in the nature of police duties and the closeness with which such officers are identified with criminal procedures that questions regarding possible bias, fairness, prejudice or impermissible influence upon jury deliberations inevitably arise. These questions cannot be erased by a mere subjective, albeit sincere, declaration by the officer that he or she can be fair and impartial as to a defendant." *Hutcheson,* 246 Ga. at 14, supra. We find meritless appellant's argument that the same "suspicion" arises when a prospective juror is merely *related* to a law enforcement officer. See *McKenzie v. State,* 28 Ga. App. 33 (7) (110 SE 248) (1921); *Murray v. State,* 30 Ga. App. 641 (2) (118 SE 760) (1923). Nor would the fact that one of the jurors was related to a witness for the state and the other was related to the bailiff render them subject to challenge for cause. *Taylor v. State,* 243 Ga. 222, 224 (2) (253 SE2d 191) (1979); *Jordan v.*

*State,* 247 Ga. 328, 338 (6) (276 SE2d 224) (1981).

2. After a review of the entire record, we find that a rational trior of fact could reasonably have found from the evidence adduced at trial proof of appellant's guilt beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Deen, P. J., and Banke, J., concur.*

DECIDED JANUARY 21, 1982.

*Kenneth D. Kondritzer,* for appellant.

*H. Reginald Thompson, District Attorney, Robert J. Cropp, Assistant District Attorney,* for appellee.