69138. REVCO DISCOUNT DRUG CENTERS OF GEORGIA, INC. et al. v. FAMBLE.
(326 SE2d 532)

CARLEY, Judge.

For the purpose of having a prescription filled, appellee entered a store owned and operated by appellant Revco Discount Drug Centers of Georgia, Inc. (Revco). While in the store, appellee was approached by appellant Lightle, an employee of appellant Revco. Lightle stated to appellee that he had previously caught appellee stealing batteries from the store, and had prohibited appellee at that time from returning to the store in the future. Subsequently, appellee initiated this civil action against appellants, alleging that the accusations made against him were "slanderous" and were "designed and calculated by [appellants] to cause him harm and injury." Following a jury trial, judgment was entered in favor of appellee. Appellants appeal.

1. "Since this case proceeded to verdict and judgment, the denial

of [appellants'] motion for summary judgment is moot. [Cit.]" *Fields Realty & Ins. Co. v. Lee*, 149 Ga. App. 324 (1) (254 SE2d 484) (1979). See also *Ga. Farmers' Market Auth. v. Dabbs*, 150 Ga. App. 15, 16 (1) (256 SE2d 613) (1979); *Gosnell v. Waldrip*, 158 Ga. App. 685, 686 (1) (282 SE2d 168) (1981).

2. Appellants moved for a directed verdict at the close of appellee's evidence, and renewed their motion at the close of all of the evidence. The stated basis for their motion was that there was no evidence that appellant Lightle's remarks had been overheard. Appellants enumerate as error the denial of their motion for directed verdict.

"Publication is indispensable to recovery for slander. [Cit.]" *Walter v. Davidson*, 214 Ga. 187, 190 (104 SE2d 113) (1958). At trial, appellee testified that at the time the remarks were made by appellant Lightle, two other customers were within hearing distance, and actually overheard the remarks. Appellee further testified that the store cashier and pharmacist were nearby, and that the cashier acknowledged at the time of the incident that she had heard the conversation. Although the pharmacist testified that he had not overheard the conversation and the cashier testified that she did not recall having heard any such conversation, the evidence adduced at trial was sufficient to authorize a finding of publication. See *Walter v. Davidson*, supra at 189-191 (1). Compare *American Standard, Inc. v. Jessee*, 150 Ga. App. 663, 668 (4) (258 SE2d 240) (1979).

3. Appellants enumerate as error the denial of their motion for judgment n.o.v. They assert that their motion should have been granted on grounds which were not raised by their motion for directed verdict. "This court limits its review of the motion for judgment notwithstanding the verdict to those grounds raised by the motion for a directed verdict . . . . [Cit.]" *Seaboard Coast Line R. Co. v. Mitcham*, 127 Ga. App. 102, 105 (2) (192 SE2d 549) (1972). See also *Peacock v. Sheffield*, 115 Ga. App. 116, 119 (1) (153 SE2d 619) (1967); *Adams v. Smith*, 129 Ga. App. 850, 853 (6) (201 SE2d 639) (1973); *J. C. Penney Co. v. Davis & Davis*, 158 Ga. App. 169 (1) (279 SE2d 461) (1981). Therefore, this enumeration is without merit.

4. Appellants raise the general grounds. One theory of liability upon which appellee relied was that appellants' actions constituted tortious misconduct. "One who maintains a mercantile establishment for the purpose of selling goods owes a duty to a customer, lawfully in his store by his implied invitation for the purpose of transacting business, to protect the customer against the use of any unprovoked and unjustifiable opprobrious and insulting and abusive words by a clerk employed by him to deal with customers, tending to humiliate, mortify, and wound the feelings of the customer. [Cits.] A petition . . . which alleges that the plaintiff, while present in the defendant's store

as a customer, desiring to make a purchase from the defendant, was, in a loud and angry tone which could be heard by other customers present, falsely and unjustly accused by one of the defendant's clerks of having [stolen the store's property], which charge humiliated and embarrassed the plaintiff, set out a cause of action for a wilful and intentional tort." *Lemaster v. Millers*, 33 Ga. App. 451 (1, 2) (126 SE 875) (1924). Our review of the record reveals that there was sufficient evidence from which a jury could find that appellants' actions constituted intentional tortious misconduct. See generally *Swift v. S. S. Kresge Co.*, 159 Ga. App. 571, 572 (2) (284 SE2d 74) (1981).

5. Appellant Revco further asserts that a corporation cannot be held liable for the *tortious misconduct* of its employees where that tortious misconduct involves the elements of slander, unless it is shown that the words spoken were expressly authorized by the corporation. See generally *Garren v. Southland Corp.*, 237 Ga. 484 (228 SE2d 870) (1976). However, in *Southern Grocery Stores v. Keys*, 70 Ga. App. 473, 475 (1) (28 SE2d 581) (1944), this contention was decided adversely to appellants. "[A]s [this case] and others laboriously explain the plaintiff's cause [against the corporation] rests not on slander but on the theory that a business inviter owes a public duty to protect its invitees from abusive language and conduct." *Swift v. S. S. Kresge Co., Inc.*, supra at 572. We find no error.

*Judgment affirmed. Birdsong, P. J., and Beasley, J., concur.*

Decided January 22, 1985.

*Robert W. Galloway, David G. Hammock*, for appellants.
*Robert M. Ray, Jr.*, for appellee.