69880. KING v. THE STATE.
(328 SE2d 740)

BANKE, Chief Judge.

The defendant appeals his conviction of escape from confinement, enumerating as error the court's refusal to disqualify a prospective juror based on his employment as a police officer. *Held:*

The 1984 amendment to OCGA § 15-12-1 (Ga. L. 1984, p. 1697, § 1), apparently relied upon by the trial court in its ruling on the challenge, merely removed the statutory exemption of police officers, among others, from being called for jury duty. Even before that amendment, full-time police officers were *eligible* to be jurors upon their request in writing to the board of jury commissioners or its clerk. Code Ann. § 59-112 (a). However, then, as now, if a police officer were challenged for cause in a criminal case, the challenge was required to be granted.

"It is inherent in the nature of police duties and the closeness with which such officers are identified with criminal procedures that questions regarding possible bias, fairness, prejudice or impermissible influence upon jury deliberations inevitably arise. These questions cannot be erased by a mere subjective, albeit sincere, declaration by the officer that he or she can be fair and impartial as to a defendant. 'The constitutional test of impartiality, however, does not turn on the subjective declarations of the individual jurors . . .' *United States v. Smith*, 200 FSupp. 885, 908, quoting from *Irvin v. Dowd*, 366 U. S. 717 (81 SC 1639, 6 LE2d 751) (1961)." *Hutcheson v. State*, 246 Ga. 13 (268 SE2d 643) (1980).

The 1984 amendment to the statute clearly affected only the eligibility of full-time police officers to be summoned as potential jurors. It did not alter the due process concerns addressed by the Supreme Court in *Hutcheson*, supra. As the defendant was required to use a peremptory challenge to remove the officer, and as he exhausted all his peremptory challenges during the selection process, his conviction must be reversed. Accord *Bradham v. State*, 243 Ga. 638, 639 (3) (256

SE2d 331) (1979).

*Judgment reversed. Benham, J., concurs. McMurray, P. J., concurs in the judgment only.*

DECIDED MARCH 13, 1985.

*Bentley C. Adams III*, for appellant.
*Johnnie L. Caldwell, Jr., District Attorney, J. David Fowler, Paschal A. English, Jr., Assistant District Attorneys*, for appellee.