70182. RILEY v. THE STATE.
(330 SE2d 808)

DEEN, Presiding Judge.

Douglas Morgan Riley was arrested and charged with driving under the influence of alcohol. The trooper who made the arrest testified as to outward indicia of intoxication, and a "breathalyzer" test administered immediately subsequent to the arrest showed a blood alcohol level of .14%. When the case was called for trial, appellant's attorney rose from his seat in the jury array and requested a continuance on the ground that he had been called for jury duty and had not had time to prepare the case. The court denied the motion, and the trial proceeded.

A Clarke County jury found appellant guilty as charged, and he received a sentence of twelve months' probation and a $600 fine, with eighty hours' community service as a condition of probation. On appeal Riley enumerates as error the denial of the motion for continuance and an allegedly burden-shifting jury instruction regarding the burden of proof as related to the effect of the statutory presumption of intoxication when the blood alcohol level exceeds .10%. *Held*:

1. To grant or deny a motion for continuance is a matter strictly

within the sound discretion of the trial court. *Hufstetler v. State*, 171 Ga. App. 106 (319 SE2d 869) (1984). In the case *sub judice* we do not agree with appellant's contention that his attorney's being called for jury duty would *per se* require the postponement of any and all trials in which the latter was scheduled to participate as counsel. This is true *a fortiori* when, as here, the attorney did not make his motion for continuance until after the case was actually called for trial. The record indicates that there was an interval of four months and one day between the arrest and the call of the case, thereby giving rise to an inference of lack of due diligence on the part of counsel. See *Dorsey v. State*, 236 Ga. 591 (225 SE2d 418) (1976).

We have here two conflicting legal duties, both of them of a very high order in our society and involving constitutionally mandated elements; i.e., the provision for jury trials and the provision for representation by counsel. 1983 Constitution of Georgia, Art. I, Sec. I, Pars. XI and XII. Normally they do not conflict. But a person can perform only one of these duties at a time; he cannot function as a juror and as the attorney for the accused, obviously. Here, counsel found himself in that dilemma.

The law designating the universe from which jurors are to be called has enlarged that universe by discarding the categories of exclusion and leaving exemption to be dealt with by the court on an almost case-by-case basis, or at least on a more refined and narrow basis than heretofore prevailed, so that the broadest cross-section of those in the community who are minimally qualified will serve. OCGA § 15-12-1. The law expressly provides the standard for exemption, the application of which is deposited with the court. Thus, being excused from jury duty, either entirely or partially or until some other term or time, is discretionary with the court. *Benford v. State*, 18 Ga. App. 14 (1) (88 SE 747) (1916).

Management of case proceedings is also deposited to a large degree with the court. "The judge has a discretion in regulating and controlling the business of the court, and the appellate court should never interfere with the exercise of this discretion unless it is plainly apparent that wrong has resulted from its abuse." *Bryan v. State*, 148 Ga. App. 428 (1) (251 SE2d 338) (1978). Another example of court management responsibility appears in 1983 Constitution of Georgia, Art. VI, Sec. IX, Par. I.

Here, whether to excuse counsel from jury duty so as to serve the needs of his client, or to continue the defendant's case, was in both instances clearly a matter upon which the court was to exercise its judgment. Counsel should have been prepared for either eventuality and could have avoided last-minute scurrying by the simple expedient of bringing the dual demand to the court's attention for its early resolution as soon as the second command was received. Not having done

so, counsel placed the court in the position of having to excuse a juror and thus render the array one short and depriving some litigants of counsel's services as a juror, or resetting a case for which witnesses had been called and trial preparation made.

The record demonstrates that the court weighed the competing interests fairly. We find no abuse of the trial court's discretion and therefore hold this enumeration to be without merit.

2. Scrutiny of the record, including the trial transcript, leads us to conclude that the jury instructions did not impermissibly shift the burden of proof, in contravention of appellant's constitutional rights. See OCGA § 40-6-392; *County Court of Ulster v. Allen*, 442 U. S. 140, 157 (99 SC 2213, 60 LE2d 777) (1979); *Olsen v. State*, 168 Ga. App. 296 (308 SE2d 703) (1983). This enumeration too, is without merit.

*Judgment affirmed. Pope and Beasley, JJ., concur.*

DECIDED APRIL 18, 1985.

*Howard T. Scott*, for appellant.
*Ken Stula, Solicitor*, for appellee.