## 73244. ADAMS v. THE STATE.
(349 SE2d 789)

DEEN, Presiding Judge.

The appellant, William Leon Adams, was convicted of burglary, for which he was sentenced to six years' imprisonment. On appeal, he contends that the evidence was insufficient to support the verdict; that the trial court erred in failing to excuse for cause two jurors who were married to law enforcement officers; that blacks were impermissibly under-represented on the panel of traverse jurors; and that the trial court's instruction on impeachment of witnesses was impermissibly burden-shifting.

1. On January 12, 1986, police officers for the City of Thomasville were dispatched to the Thomas Area Technical School, where a silent alarm had been activated. Adams' automobile was parked among some school buses. Noticing one of the school building's windows had been broken out, one officer and the director of the school entered the building and found that the director's desk had been ransacked; a television had been moved but left on the office floor; and two vending machines had been heavily damaged, one having actually been forcibly opened. Meanwhile, another officer drove up to the south side of the building, where he noticed Adams running away from the school. When Adams saw this officer, however, he stopped running and approached the officer, claiming that someone had stolen his car and that he had been running to the adjacent motel to report it. The officer nevertheless regarded Adams as a suspect and placed him in his patrol car. Subsequently, over $7 in quarters, dimes and nickels, along with his car keys, were found in Adams' shoes and socks. A shoe print left on one vending machine matched that of the shoes worn by Adams at the time. Also, while he was in a holding cell at the Thomas County Jail, Adams stated to another prisoner that he had broken into Thomas Tech.

We find this evidence sufficient to authorize a rational trier of

fact to find the appellant guilty beyond a reasonable doubt of burglary as charged. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. During jury selection, the trial court declined to strike for cause the wife of Thomasville's chief of police and the wife of a Georgia State Patrol officer. Both jurors were otherwise qualified during voir dire. This court has previously held that the mere fact that a prospective juror is related to a law enforcement officer does not subject that juror to challenge for cause. *Edwards v. State*, 161 Ga. App. 18 (289 SE2d 282) (1982). "Where an otherwise qualified juror indicates that he can and will fairly evaluate the evidence, the party who wishes to eliminate him must do so by means of the peremptory strike." *Foster v. State*, 248 Ga. 409, 411 (283 SE2d 873) (1981). The trial court did not abuse its discretion in refusing to strike these two jurors for cause.

3. The appellant's challenge to the array of the jury panel was properly denied because the challenge was never reduced to writing as required by OCGA § 15-12-162. *Smith v. State*, 151 Ga. App. 697, 699 (261 SE2d 439) (1979). In any event, the record discloses that only a three percent disparity existed between the percentage of blacks on the traverse jury list and the percentage of blacks in the eligible county population. The fact that the jury panel in this particular case actually contained a lower percentage of blacks is not especially significant. "There is no constitutional guarantee that the grand or petit juries, impanelled in a particular case will constitute a representative cross-section of the entire community." *Campbell v. State*, 240 Ga. 352, 356 (240 SE2d 828) (1977).

4. The trial court gave the following instruction on the impeachment of witnesses: "Now, members of the Jury, when witnesses appear and testify in a case, they are presumed to speak the truth. And in this connection I instruct you that a witness, though, may be impeached. That is, proved to be untruthful or if you do decide. I instruct you that a witness may be impeached in the following manner: by disproving the facts to which the witness testifies, by proof of general bad character, by proof that the witness has been convicted of a crime involving moral turpitude or by proof of contradictory statements made by the witness as to matters relevant to his or her testimony." This instruction essentially tracks the language recommended in the Suggested Pattern Jury Instructions, and we find nothing wrong with it.

*Judgment affirmed. Benham and Beasley, JJ., concur. Beasley, J., also concurs specially.*

BEASLEY, Judge, concurring specially.

I concur but believe that, with respect to Division 2, more should

be said regarding the eligibility of the police chief's wife.

During the voir dire, it was merely established that she had been married to the city's police chief for twenty-five years and that he had been chief for eleven years. On that basis defendant sought to remove her for cause, without any further questioning related to her ability to serve as an impartial juror. She had earlier remained silent when the statutory questions were asked of the panel, whether anyone had formed any opinion, harbored any prejudice or bias, or was not impartial between state and defendant. OCGA § 15-12-164.

The legislature in 1984 re-wrote the law regarding jury exemptions. OCGA § 15-12-1. Although it greatly broadened eligibility to serve, so as to produce a truer cross-section of the community on juries, *Riley v. State*, 174 Ga. App. 607 (1) (330 SE2d 808) (1985), it did not diminish the due process concerns voiced by the Supreme Court of Georgia in *Hutcheson v. State*, 246 Ga. 13 (268 SE2d 643) (1980). We recognized this in *King v. State*, 173 Ga. App. 838 (328 SE2d 740) (1985), which held that a full-time police officer was required to be excused when challenged for cause in a criminal case, because of the inherent doubt of impartiality arising from the employment *per se.*

I would agree that this same type of *per se* disqualification should not apply to the spouse of a police officer. More would have to be elicited by further questioning, to cast a doubt on impartiality. Although defendant did not expressly invoke OCGA § 15-12-135 regarding the disqualification for kinship to "any party interested in the result of the case," I do not believe this law or the federal constitutional mandate was violated here.

DECIDED OCTOBER 14, 1986.

*Harry Jay Altman II, Joseph T. McGraw,* for appellant.
*James E. Hardy, District Attorney,* for appellee.