74250, 74251. BIG BROTHER/BIG SISTER OF METRO ATLANTA, INC. v. TERRELL; and vice versa.
(359 SE2d 241)

BENHAM, Judge.

Mrs. Terrell brought this action as next friend to her minor son Sheridan, and individually. The defendants are Big Brother/Big Sister of Metro Atlanta, Inc. (hereinafter "Big Brother"), and Larry Hendricks. The suit was based on Hendricks' sexual molestation of Sheridan. Hendricks became acquainted with the Terrells through Big Brother, a non-profit social service organization. He later severed his relationship with Big Brother and moved into the Terrells' home. Hendricks' sexual relationship with Sheridan began either shortly before or shortly after Hendricks moved into the Terrells' home. The

asserted liability of Big Brother for Hendricks' conduct is based on the theories of respondeat superior and negligent selection or hiring. In Case No. 74250, we granted Big Brother's application for an interlocutory appeal from the denial of its motion for summary judgment on the issue of negligent hiring. Case No. 74251 is a cross-appeal in which the Terrells contest the grant of summary judgment to Big Brother on the issue of respondeat superior and the denial of their motion for summary judgment.

1. In order to hold Big Brother liable for negligent selection, the Terrells must show by competent evidence that Big Brother knew or should have known of Hendricks' criminal propensities. *Slaton v. B & B Gulf Svc. Center*, 178 Ga. App. 701 (2) (344 SE2d 512) (1986). In an answer to interrogatories, Big Brother averred that a "thorough case management investigation process" had been completed with regard to Hendricks, including the completion of an application, the obtaining of three or more references, an "extensive interview and assessment by a clinically trained case worker," completion of a family history, and a personal meeting with the membership committee. Ms. Terrell has suggested that if Big Brother had taken other steps, specifically an "FBI check," a psychological test, a history of Hendricks' lifestyle, and a credit check, Hendricks would not have been accepted as a volunteer with Big Brother. Her conclusions in that regard, however, are not supported by facts. There is nothing in the record to suggest that Big Brother, a non-governmental entity, has access to FBI records. Nor does it appear from the record that a credit check would have revealed anything to affect Big Brother's decision whether to accept Hendricks as a volunteer. As to the other two suggestions, it appears that Big Brother came as close as is practicable for a volunteer organization to meet those criteria through its application form, family history, and assessment by a case worker.

In short, the record before us contains no evidence to suggest that Big Brother knew or should have known of Hendricks' criminal propensities. There are not even, in this case, such indicators as lies on an employment application or an employer's knowledge of an employee's marital problems, factors which this court has held to be insufficient to put an employer on notice of an employee's dangerous propensities. See *Edwards v. Robinson-Humphrey Co.*, 164 Ga. App. 876 (3) (298 SE2d 600) (1982), and *Southern Bell &c. Co. v. Sharara*, 167 Ga. App. 665 (1) (307 SE2d 129) (1983), respectively.

In light of Big Brother's submission of evidence showing its exercise of ordinary care in the selection of Hendricks and the Terrells' inability to counter that evidence with more than mere conjecture, we hold that the trial court's denial of summary judgment to Big Brother on the issue of negligent selection was error.

2. Before reaching the merits of the cross-appeal, it is appropri-

ate to address a procedural issue. At the hearing on the motions for summary judgment filed by Big Brother and by the Terrells, the Terrells filed a motion for transfer of the case to the judge who had accepted Hendricks' guilty plea to two counts of aggravated child molestation, one of which involved Sheridan. The trial court's denial of that motion is enumerated as error, but we find none.

"When practical, all actions involving substantially the same parties, or substantially the same subject matter, or substantially the same factual issues, whether pending simultaneously or not, shall be assigned to the same judge." Rule 3.2, Uniform Rules for the Superior Courts, 253 Ga. at 811. Although the action filed by the Terrells is related to the criminal action against Hendricks, the two actions have only one party in common (Hendricks), and do not share the same factual issues since Hendricks' guilt was the issue in the criminal case while his civil liability and that of Big Brother are the issues in the present case. In addition, it can hardly be said that it is practical to transfer a case which has progressed through discovery to the point where a hearing on cross-motions for summary judgment is being conducted. A trial judge has broad discretion in matters concerning the regulation and control of the business of the court (*Riley v. State*, 174 Ga. App. 607) (1) (330 SE2d 808) (1985)), and we find no abuse of that discretion in the trial court's denial of the Terrells' motion to transfer.

3. On the merits of the Terrells' appeal from the grant of summary judgment to Big Brother on the issue of respondeat superior, we find that the record, when considered in light of two of the cases cited in Division 1 of this opinion, requires an affirmance. The evidence from Hendricks and from Big Brother indicates unequivocally that Hendricks' behavior in sexually molesting Sheridan was not within the scope of or in the prosecution of the business of Big Brother and was completely personal in nature. See *Southern Bell &c. Co. v. Sharara*, supra, Division 2. While Hendricks may have been advancing Big Brother's interest by spending time with Sheridan, he clearly abandoned Big Brother's interest and pursued only his own when he sodomized the child. See *Slaton v. B & B Gulf Svc. Center*, supra, Division 1. The Terrells have not come forward with any evidence supporting even an inference that Hendricks' criminal conduct was in furtherance of Big Brother's interests. Accordingly, we find no error in the grant of summary judgment to Big Brother on that count.

4. The Terrells' other enumerations of error regarding denial of their motion for summary judgment against Big Brother and the trial court's holding that Big Brother is entitled to charitable immunity to the extent of its charitable assets are rendered moot by our holdings above, which effectively eliminate Big Brother from this suit.

*Judgment reversed in Case No. 74250. Judgment affirmed in*

*Case No. 74251. Banke, P. J., and Carley, J., concur.*

Decided July 1, 1987 — 

*Walter B. McClelland*, for appellant.
*Sharman Meade Sutton, James R. Venable*, for appellee.