Frances TERRELL, as next of friend to Sheridan Terrell and Frances Terrell, individually, Plaintiffs,

v.

John T. SHOPE, Superior Court Administrator for the Superior Court of Fulton County, as agent for the Fulton County Municipal Government, Defendant.

No. 1:87–CV–1792–RHH.

United States District Court,
N.D. Georgia,
Atlanta Division.

July 5, 1988.

Sharman M. Meade–Murphy, Atlanta, Ga., for plaintiffs.

Pickens Andrew Patterson, Jr., Atlanta, Ga., for defendant.

## ORDER

ROBERT H. HALL, District Judge.

Plaintiffs bring this action under 42 U.S.C. § 1983 alleging the defendant deprived them of their Fourteenth Amendment due process and equal protection rights as well as acted negligently and committed a nuisance. This court's jurisdiction is predicated upon 28 U.S.C. § 1343. The action is currently before the court on plaintiffs' motion for summary judgment, plaintiffs' motion for interim award of attorney's fees and defendant's motion to dismiss the com-

plaint or, in the alternative, for summary judgment. For the reasons stated below the court GRANTS defendant's motion for summary judgment.

FACTS

In 1985 plaintiffs filed a civil suit in the Superior Court of Fulton County, Georgia against Big Brother/Big Sister of Metro Atlanta, Inc. and Larry Hendricks. In the state court suit plaintiffs sought damages for injuries sustained by Sheridan Terrell as a result of Hendricks' sexual molestation of Sheridan.[1] Plaintiffs' Motion for Summary Judgment, Exhibit 4. Plaintiffs' state court suit was assigned to Judge William Daniel. Defendant's Statement of Material Facts as to Which There is no Genuine Issue to be Tried, ¶ 5 ("Defendant's Facts"). A different Superior Court judge, Judge Ralph Hicks, accepted Hendricks' guilty plea in the criminal molestation action and sentenced Hendricks for the crime.

On or about March 10, 1986 plaintiffs requested in a letter to Judge Daniel that their state court civil action be transferred to Judge Ralph Hicks. Defendant Shope, to whom plaintiffs' transfer request was relayed, denied the request noting that the Superior Court Rule which establishes a case assignment system "only addresses the issue of reassignment of civil cases related to each other or criminal cases related to each other. There is no provision for the manual reassignment of a civil case based upon its relatedness to a criminal action." Plaintiffs' Motion for Summary Judgment, Exhibit 7. Plaintiffs subsequently filed a motion with Judge Daniel to transfer the civil action to Judge Hicks on the ground the civil action before Judge Daniel was related to the criminal action heard by Judge Hicks. Judge Daniel denied plaintiffs' motion to transfer the civil action. Defendant's Facts, ¶ 7. That court's decision was appealed to and upheld by the Georgia Court of Appeals. Plaintiffs' Motion for Summary Judgment, Exhibit 9.

Plaintiffs bring the instant action against defendant Shope alleging he was negligent and deprived plaintiffs of their constitutional rights when he denied their request to reassign their Superior Court civil action to the judge who heard evidence in the related criminal action. Plaintiffs contend that defendant violated their Fourteenth Amendment right to due process when he allegedly deviated from the Superior Court rules requiring related cases to be assigned to the same judge without providing plaintiffs notice and a hearing. Plaintiffs further allege that defendant's refusal to reassign their civil action to Judge Hicks violated their constitutional right to equal protection of the laws.

In their complaint, plaintiffs contend that "[a]s a result of aforesaid Negligence, Nuisance and violation of Plaintiffs Constitutional Rights, Plaintiff [sic] have been inuried [sic], including but not limited to, the employment of Counsel to, request Transfer, by Superior Court Administrator, of Companion/Related case, to file and Orally Argue Motion to Transfer, and thereafter Appeal the denial of both request [sic]." Complaint, ¶ 18. Plaintiffs seek nominal damages, compensatory damages in the amount of $1,200,000.00 and punitive damages in the amount of $6,000,000.00.

DISCUSSION

Plaintiffs bring the instant action solely under 42 U.S.C. § 1983. That statute provides that:

Every person who, under color of any statute, ordinance, regulation, custom or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law....

Section 1983 does not itself create substantive rights. Rather, the court must look to determine whether plaintiffs have been deprived of a right secured by the federal Constitution and laws of the United States.

---

**1.** On August 1, 1985 Larry Hendricks pled guilty to two counts of aggravated child molestation, one of which related to his molestation of Sheri- dan Terrell. See Plaintiffs' Motion for Summary Judgment, Exhibit 1.

*Baker v. McCollan,* 443 U.S. 137, 140, 99 S.Ct. 2689, 2692–93, 61 L.Ed.2d 433 (1979). A defendant cannot be held liable under Section 1983 merely for the commission of a common law tort. Instead, a § 1983 plaintiff must show that the defendant's conduct was constitutionally tortious and violated the plaintiff's federal constitutional or legal right. *See Daniels v. Williams,* 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986); *Williams v. Kelley,* 624 F.2d 695 (5th Cir.1980), *cert. denied,* 451 U.S. 1019, 101 S.Ct. 3009, 69 L.Ed.2d 391 (1981).

In order to prevail on their § 1983 claim that the defendant deprived plaintiffs of their rights without due process of law, the plaintiffs must "prove both (1) deprivation of a federal constitutional or legal right which (2) resulted from 'the sort of abuse of government power that is necessary to raise an ordinary tort by a government agent to the stature of a violation of the Constitution.'" *Williams v. Kelley, supra,* 624 F.2d at 697 (*quoting Turpin v. Mailet,* 579 F.2d 152, 169 (2d Cir.) (concurring opinion), *cert. denied,* 439 U.S. 988, 99 S.Ct. 586, 58 L.Ed.2d 662 (1978)) (citations omitted). The Supreme Court has held that "the Due Process Clause is simply not implicated by a *negligent* act of an official causing unintended loss of or injury to life, liberty or property." *Daniels v. Williams, supra,* 474 U.S. at 328, 106 S.Ct. at 663 (emphasis in original). Like the former Fifth Circuit, the Supreme Court noted that a plaintiff must show abuse of power by a defendant in order to state a cognizable § 1983 claim under the Due Process clause. It stated: "Far from an abuse of power, lack of due care suggests no more than a failure to measure up to the conduct of a reasonable person. To hold that injury caused by such conduct is a deprivation within the meaning of the Fourteenth Amendment would trivialize the centuries-old principle of due process of law." *Id.* at 332, 106 S.Ct. at 665.

The Supreme Court has also held that where a plaintiff alleges that a defendant deprived the plaintiff of *property* without due process a plaintiff may not bring a § 1983 action if the governmental body being sued provides meaningful post-deprivation remedies. *Parratt v. Taylor,* 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981). This is true whether the plaintiff alleges defendant either intentionally or negligently deprived the plaintiff of his or her property without due process of law. *Hudson v. Palmer,* 468 U.S. 517, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984). In reaching such a conclusion, the Supreme Court reasoned that no constitutional tort exists unless the state refuses to provide an adequate post-deprivation remedy.[2]

■ In order to prevail on their claim that defendant violated their rights to equal protection of the laws, plaintiffs likewise must show something more than negligence which injured only them. Plaintiffs must show either that defendant's conduct adversely affected a suspect class of which plaintiffs are members or that the defendant applied the state court case reassignment rules, which may appear neutral on their face, in an unequal manner. *Kendrick v. City Council of Augusta, Georgia,* 516 F.Supp. 1134, 1139 (S.D.Ga.1981). A plaintiff is not deprived of *equal* protection of the laws unless a defendant acts in a way that discriminates against a class or otherwise, through unequal treatment, invidiously discriminates against the plaintiff. *Cf., Griffin v. Breckenridge,* 403 U.S. 88, 102, 91 S.Ct. 1790, 1798, 29 L.Ed.2d 338 (1971) (ruling on § 1985 claim of deprivation of equal protection of the laws).

■ In the instant action plaintiffs have not, either in defending against defendant's motion for summary judgment or in supporting their own motion for summary judgment, provided the court with any evidence that defendant deprived them of their constitutional due process or equal

---

**2.** The Eleventh Circuit has interpreted the *Parratt* and *Hudson* holdings to apply only to a *procedural* due process claim. Where a plaintiff alleges a substantive due process violation, i.e. a deprivation of a fundamental right such as the right to liberty, to travel, or to procreate, "[t]he existence of state postdeprivation remedies ... has no bearing on whether the plaintiff has a constitutional claim." *Gilmere v. City of Atlanta,* 774 F.2d 1495, 1500 (11th Cir.1985) (en banc), *cert. denied,* 476 U.S. 1115, 106 S.Ct. 1970, 90 L.Ed.2d 654 (1986).

protection rights. If plaintiffs allege deprivation of their *liberty* without due process,[3] they have failed to provide any evidence that defendant's action was an abuse of governmental power sufficient to raise the alleged negligence to the level of a constitutional violation. Plaintiffs have failed to even suggest that defendant's "conduct—independent of its lawfulness or unlawfulness at state law—was sufficiently egregious as to be 'constitutionally' tortious." *Williams v. Kelley, supra,* 624 F.2d at 697. *See also, Burch v. Apalachee Community Mental Health Service,* 840 F.2d 797, 802 (11th Cir.1988) (alleged deprivation of liberty must rise to level of cognizable § 1983 deprivation).

If plaintiffs instead allege deprivation of their *property* without due process, their claim must fail because, not only does the State of Georgia provide post-deprivation remedies for the conduct of which plaintiffs complain, but plaintiffs pursued such remedies and litigated their claim before Judge Daniel and the Georgia Court of Appeals.[4] Clearly no *constitutional* tort of deprivation of plaintiffs' property without due process exists in this case where the only allegedly unconstitutional action taken by defendant—refusal to reassign plaintiffs' state court civil action to the judge who heard a related criminal action—has been litigated by plaintiffs and considered by two Georgia courts.

Finally, plaintiffs' claim that defendant deprived them of equal protection of the laws must fail. Plaintiffs have not alleged that defendant's conduct adversely affected a class of which they are members. If plaintiffs' equal protection claim is instead based on allegations that defendant applied an apparently neutral Superior Court rule in an unequal manner, the plaintiffs have failed to pierce defendant's showing that the rule only provides for the reassignment of related civil actions to civil actions and criminal actions to criminal actions. There is no evidence that defendant does not apply the rule in an equal fashion to all parties seeking the reassignment of a civil action which is related to a criminal action. Plaintiffs have not "set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). *See also, Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986) (Rule 56(c) "mandates entry of summary judgment, after adequate time for discovery, ... against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case....").

## CONCLUSION

Even if the court assumes for the sake of the instant motions for summary judgment that plaintiffs are constitutionally entitled to have the same judge hear both their state court civil action and the related criminal action, plaintiffs have not shown that defendant's denial of their request for a transfer of the state court case constituted anything more than a negligent act. Plaintiffs have not produced any evidence that defendant's conduct rose to the level of an abuse of governmental power. In addition, plaintiffs have been provided with and indeed have pursued meaningful post-deprivation remedies in the state courts. Finally, the plaintiffs have not shown that the defendant's denial of their request to transfer their case discriminated against them

---

**3.** Plaintiffs could only allege either deprivation of their liberty or property without due process because neither has lost his or her life as a result of defendant's action. Although the court questions whether defendant's denial of plaintiffs' request to reassign their state court civil action constitutes a deprivation of a constitutional *right,* the court assumes for the sake of the instant motions that plaintiffs have met their burden of proof on this issue.

**4.** On July 1, 1987 the Georgia Court of Appeals issued an opinion granting Big Brother/Big Sister of Metro Atlanta's motion for summary judgment. In that opinion, the Court of Appeals addressed plaintiffs' claim that Judge Daniel erred in denying their motion to transfer the action to Judge Hicks. The Court of Appeals held that "a trial judge has broad discretion in matters concerning the regulation and control of the business of the court ... and we find no abuse of that discretion in the trial court's denial of the Terrells' motion to transfer." *Big Brother/Big Sister of Metro Atlanta, Inc. v. Terrell,* 183 Ga.App. 496, 359 S.E.2d 241 (1987) (citation omitted). Plaintiffs abandoned cert. and declined to pursue their claim before the Supreme Court of Georgia.

as members of a class or that defendant applied the Superior Court rules in an unequal manner. For these reasons, the court GRANTS defendant's motion for summary judgment and DENIES plaintiffs' motion for summary judgment. In addition, because plaintiffs are not prevailing parties, the court DENIES their motion for interim attorney's fees under 42 U.S.C. § 1988. In granting defendant's motion, the court hereby TERMINATES this action.