A89A0167. PARROTT v. THE STATE.
(380 SE2d 343)

McMURRAY, Presiding Judge.

Defendant was indicted for theft by taking (of a motor vehicle). The evidence adduced at a jury trial revealed the following:

Between 6:30 p.m. and 7:00 p.m. on June 19, 1987, the victim parked her 1987 Pontiac Firebird automobile outside the Airport Athletic Club in College Park, Georgia. The victim left her car keys in the ignition switch of her automobile, went inside the athletic club and, about five minutes later, returned to the parking lot and discovered that her automobile was missing. (The victim also left several items of personal property in the missing automobile, including her social se-

curity card and her insurance identification card.)

Three days later, defendant was stopped by an Atlanta city police officer while operating a 1987 Pontiac Firebird without a license tag. Defendant gave the officer the victim's insurance identification card, but defendant failed to produce his driver's license. Defendant informed the officer that he resided at a nearby house and that he was going home to retrieve his driver's license. The officer returned the victim's insurance identification card to defendant, instructed defendant to remain at the scene and, when the officer went to his patrol car to investigate the suspicious automobile, defendant "took off running" and was not apprehended. The officer later discovered that defendant did not reside at the nearby house and that the automobile, which defendant abandoned at the scene, belonged to the victim.

On July 10, 1987, Officer Furman Williford of the College Park Police Department responded to a call at a College Park apartment complex regarding the discovery of a stolen automobile. Officer Williford met two representatives from National Car Rental System ("National Car Rental") and they directed Officer Williford to a 1987 Pontiac Firebird automobile that had been stolen from National Car Rental's parking lot on July 9, 1987. Employees of the apartment complex informed the officer that the stolen automobile belonged to defendant, who then was employed at the apartment complex. Officer Williford inquired of defendant and "at first [defendant] said he was driving [the stolen automobile] and then changed his story and said it was his brother's car." Defendant then turned the keys of the stolen automobile over to Officer Williford and was placed under arrest. During a search of National Car Rental's stolen automobile, the victim's social security card and her insurance identification card were found. From this and other evidence adduced at trial defendant was found guilty. This appeal followed. *Held*:

1. In his first enumeration of error, defendant contends the evidence was insufficient to support the verdict because there was no direct evidence linking him to the theft of the victim's automobile on June 19, 1987. This contention is without merit.

In addition to recent possession of the victim's stolen motor vehicle, defendant fled after he was stopped by a law enforcement officer while driving the stolen automobile. Further, defendant was in possession of the victim's insurance identification card shortly after the theft and defendant tendered the victim's insurance identification card to a police officer and represented to the officer that the card was his own. This evidence, and other evidence showing that defendant had a propensity to unlawfully acquire 1987 Pontiac Firebird automobiles, was sufficient to enable any rational trier of fact to find that defendant was guilty, beyond a reasonable doubt, of theft by taking (of a motor vehicle). *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781,

61 LE2d 560); *Howard v. State*, 186 Ga. App. 7, 8 (366 SE2d 369).

2. Defendant contends in his second enumeration that the trial court improperly denied his challenge to the jury array.

Defendant's "challenge to the array of the jury panel was properly denied because the challenge was never reduced to writing as required by OCGA § 15-12-162. *Smith v. State*, 151 Ga. App. 697, 699 (261 SE2d 439) (1979)." *Adams v. State*, 180 Ga. App. 546, 547 (3) (349 SE2d 789).

3. Next, defendant contends that the trial court improperly allowed the State to introduce evidence showing that he was convicted of theft by receiving National Car Rental's stolen 1987 Pontiac Firebird.

"[O]n the trial of one charged with the commission of a crime, proof of a distinct, independent, and separate offense is not admissible, even though it be a crime of the same sort, unless there is some logical connection between the two from which it can be said that proof of the one tends to establish the other." *Lyles v. State*, 215 Ga. 229, 232 (2), 233 (109 SE2d 785). In the case sub judice, articles found in National Car Rental's stolen automobile were taken from the victim's automobile. This evidence was relevant to connect defendant to the theft of the victim's car. See *Loughridge v. State*, 181 Ga. 261, 262 (1), 264 (182 SE 12). It is also relevant to show defendant's course of conduct in acquiring stolen motor vehicles for his personal use and, more specifically, his propensity to acquire automobiles of the same make and model, 1987 Pontiac Firebirds. See *Haywood v. State*, 256 Ga. 694, 696 (2) (353 SE2d 184). Consequently, the trial court did not err in allowing the State to introduce evidence of defendant's conviction for theft by receiving of National Car Rental's stolen automobile.

4. In his final enumeration of error, defendant contends the State failed to prove venue.

In a prosecution for theft by taking (of a motor vehicle), "the crime shall be considered as having been committed in any county in which the accused exercised control over the property which was the subject of the theft." OCGA § 16-8-11. See *Davis v. State*, 135 Ga. App. 931, 933 (3) (219 SE2d 598). Defendant argues that the State failed to prove venue because no person saw him take the victim's automobile in the county of his trial. OCGA § 17-2-2 (a). This argument is without merit.

"Venue may be proved by circumstantial evidence. *Loftin v. State*, 230 Ga. 92, 94 (195 SE2d 402)." *McCord v. State*, 248 Ga. 765, 766 (285 SE2d 724). As we held in Division 1 of the case sub judice, there was sufficient evidence to enable any rational trier of fact to find defendant guilty, beyond a reasonable doubt, of taking the victim's automobile without authority in the county of his trial. *Adsitt v. State*, 248 Ga. 237, 239 (2) (282 SE2d 305).

*Judgment affirmed. Carley, C. J., and Beasley, J., concur.*

DECIDED MARCH 15, 1989.

Robert H. Suttles, for appellant.
Robert E. Keller, District Attorney, Clifford A. Sticher, Albert B. Collier, Assistant District Attorneys, for appellee.