A90A1785. KELLEY et al. v. BAKER PROTECTIVE SERVICES, INC. et al.
(401 SE2d 585)

SOGNIER, Chief Judge.

Forrest Kelley and Janet Kelley brought a wrongful death suit against Baker Protective Services, Inc. and its predecessor, Burns International Investigation Services, Inc., for the negligent hiring and retention of an employee, David Scott Goza, an unarmed security guard involved in the murder of Mark Stephen Kelley, the plaintiffs' son. The trial court granted the defendants' motion for summary

judgment, and the Kelleys appeal.

We affirm. The record establishes that Goza, who began working for appellee Burns International Investigation Services, Inc. (hereinafter "appellee") in November 1986, was the sole security guard at the Hormel Plant in Tucker, Georgia on January 19, 1987. Goza allowed appellants' decedent and three other men (none of them Hormel employees) to enter the plant premises, apparently to conduct a drug deal. Two of the men then murdered appellants' decedent and the fourth man. Goza did not participate in the murders but did assist in the disposal of the bodies. It is uncontroverted that a background investigation performed on Goza by appellee and various State agencies revealed that Goza had no convictions for any crimes or any record of criminal activity or dangerous propensities, or that any accusations of criminal activities or violent behavior had been made against Goza. Appellants' own investigation into Goza's background uncovered only a traffic warning ticket. Although appellants place great emphasis on evidence in the record indicating that Goza's training as an unarmed security guard did not comport with OCGA § 43-38-7.1 (a) (training of unarmed private security guards) and the rules and regulations promulgated by the Georgia Board of Private Detective and Security Agencies pursuant to OCGA § 43-38-4 (d) (3), in his deposition Goza acknowledged that he knew, without being so instructed by anyone at appellee, that he was not supposed to participate in illegal drug transactions or in murdering anyone while on his job.

" 'For [appellee] to be negligent in hiring and retaining any employee with violent and criminal propensities, it would be necessary that [appellee] knew or should have known of those dangerous propensities alleged to have resulted in [appellants' decedent's death.] (Cits.) The record contains absolutely no evidence which would authorize a finding that appellee knew or should have known that [Goza] was violently or criminally prone.' [Cit.]" *Southern Bell Tel. &c. Co. v. Sharara*, 167 Ga. App. 665, 666 (307 SE2d 129) (1983). See also *Big Brother/Big Sister &c. v. Terrell*, 183 Ga. App. 496, 497 (1) (359 SE2d 241) (1987); *Edwards v. Robinson-Humphrey Co.*, 164 Ga. App. 876, 880 (298 SE2d 600) (1982). The submission of evidence by appellee that it did not know of Goza's criminal propensities after investigating his criminal and employment record and the absence of any evidence controverting appellee's evidence or indicating that appellee should have known of Goza's criminal propensities entitled appellee to summary judgment. *Southern Bell*, supra at 667 (1).

We are not persuaded by appellants' arguments that the trial court's judgment was erroneous. First, we do not agree with appellants that the training Goza was required by statute and agency regulations to receive was designed to uncover the trainee's latent charac-

ter defects for purposes of placing the employer on notice that the trainee possessed violent or criminal propensities. Thus, appellee's failure to provide that training does not avail appellants. Next, in view of Goza's testimony that he was totally aware that illegal drug transactions and murder were not part of his employment with appellee, we cannot agree with appellants that appellee, in its training, was negligent in failing to state these prohibitions to Goza explicitly. Finally, we cannot agree that a question for jury resolution was created by appellants' supposition, unsupported by any evidence in the record, that Goza would not have allowed the men onto the Hormel plant premises where the murder of their son occurred had appellee informed Goza during his training that participating in drug deals and murder was not appropriate while he was on the job. Appellants having failed to counter appellee's evidence by setting forth specific facts showing that there is a genuine issue for trial, the trial court did not err by granting summary judgment in favor of appellee. OCGA § 9-11-56 (e).

*Judgment affirmed. McMurray, P. J., and Carley, J., concur.*

DECIDED JANUARY 24, 1991.

*Charles E. Moore, Jr.*, for appellants.
*Webb, Carlock, Copeland, Semler & Stair, Kent T. Stair, Robert W. Browning*, for appellees.