A91A2127. DOE v. VILLAGE OF ST. JOSEPH, INC.
(415 SE2d 56)

Judge Arnold Shulman.

The appellee is a non-profit, charitable corporation which oper

ates a boarding school in Atlanta. The appellant's then 13-year-old daughter (referred to in the litigation as "Jane Doe") attended this school from October of 1986 through September of 1987. Acting both individually and on her behalf, the appellant brought the present action against the appellee seeking damages for certain emotional trauma allegedly suffered by his daughter as the result of having participated in a consensual sexual relationship with an adult male staff member at the school during this period. The staff member in question, who had been employed by the school as a recreational supervisor, categorically denied having engaged in sexual relations with the child. The appellee moved for summary judgment in the action, and the appellant thereafter dismissed his claim for recovery in his individual capacity. The trial court then granted the appellee's motion for summary judgment with respect to the appellant's claim on behalf of his daughter, and this appeal followed.

The appellant testified that he became concerned about the nature of the staff member's relationship with his daughter during the course of the school year because she frequently talked to him on the telephone on weekends while staying at his (the appellant's) house, and also because she had some photographs of him, along with a business card pertaining to a part-time job which he apparently held with a radio station. The appellant conveyed his concerns to his daughter's guidance counselor at the school and was referred by the latter to the school's director. He testified that the director told him that the staff member was a responsible person who was "engaged to be married or something" and that she did not think he (the appellant) "had anything to worry about."

This discussion with the director evidently took place early in 1987. It does not appear that the appellant ever brought up the issue again while his daughter was enrolled at the school; and he conceded that except for the factors mentioned above, he had no reason during this period to believe that the staff member's relationship with his daughter was anything other than professional. It was not until after the daughter transferred to another institution in the fall of 1987 that she told anyone she had engaged in sexual activity with the staff member. It is evident from the appellant's deposition testimony that a major reason for his earlier concern about the relationship was that the staff member in question is black. The appellant testified that he was "probably" prejudiced against black men and did not want his daughter (who is white) dating blacks.

The school's director testified that she had conducted an investigation into the child's allegations but had found "no evidence whatsoever that [the staff member] had acted inappropriately." While there is evidence that the child told her guidance counselor that she had a "crush" on the staff member, she stated that she never told anyone at

the school (including her classmates) that she was involved in sexual activity with him. The child testified that she last engaged in intercourse with the staff member in August of 1987, that she became pregnant by him at about that time, and that the pregnancy terminated in a miscarriage in late October or early November. However, there is no medical or other evidence tending to corroborate the latter testimony. To the contrary, there is evidence that the child underwent a pregnancy test on September 20, 1987, with negative results.

1. The trial court correctly concluded that the appellee could not be held liable for the alleged misconduct of the staff member under the doctrine of respondeat superior.

"This court has repeatedly held that ' "(i)n determining the liability of the master for the negligent or wilful acts of a servant, the test of liability is, not whether the act was done during the existence of the employment, but whether it was done within the scope of the actual employment." ' [Cits.]" *Southern Bell Tel. &c. Co. v. Sharara*, 167 Ga. App. 665, 667 (307 SE2d 129) (1983) (holding that the telephone company was entitled to summary judgment in an action by a customer to recover for injuries sustained as the result of being assaulted by an employee who had just installed a telephone in the customer's home). "If . . . the tortious act were committed not by reason of the employment, but rather for purely personal reasons disconnected from the authorized business of the master, the master would not be liable. [Cits.]" *Lucas v. Hosp. Auth. of Dougherty County*, 193 Ga. App. 595, 596 (388 SE2d 871) (1989) (affirming an award of summary judgment to the hospital in a wrongful death action based on a nurse's conduct in administering a lethal injection to the decedent "to put him out of his misery"). See generally OCGA § 51-2-2.

On the basis of the foregoing authorities, the alleged misconduct at issue in this case must similarly be considered personal in nature and unrelated to the performance of the staff member's employment duties. Accordingly, we hold that the appellee was properly granted summary judgment on this theory of recovery. Accord *Big Brother/Big Sister &c. v. Terrell*, 183 Ga. App. 496, 498 (359 SE2d 241) (1987).

2. The appellant contends that fact issues remain as to whether the appellee was negligent in hiring, retaining or supervising the employee. In order for an employer to be held liable for the criminal conduct of an employee based on such negligence, it must be shown that the employer knew or should have known of the employee's criminal propensities. See *Southern Bell Tel. &c. Co. v. Sharara* supra, 167 Ga. App. at 666; *Big Brother/Big Sister &c. v. Terrell* supra, 183 Ga. App. at 497 (1). The evidence of record in the present case establishes without dispute that a records check was conducted on the employee prior to his being hired but that it turned up no

information suggesting that he had any criminal record or propensities. The appellant has produced no contrary evidence suggesting that such information was available but overlooked. Compare *Sparlin Chiropractic Clinic v. TOPS Personnel Svcs.*, 193 Ga. App. 181 (387 SE2d 411) (1989). Indeed, the appellant's counsel did not even question the staff member about his background during his deposition. "The submission of evidence by appellee that it did not know of [the employee's alleged] criminal propensities after investigating his criminal and employment record and the absence of any evidence controverting appellee's evidence or indicating that appellee should have known of [his alleged] criminal propensities entitled appellee to summary judgment" on this theory of recovery. *Kelley v. Baker Protective Svcs.*, 198 Ga. App. 378, 379 (401 SE2d 585) (1991). See also *Edwards v. Robinson-Humphrey Co.*, 164 Ga. App. 876 (3) (298 SE2d 600) (1982).

3. The appellant finally contends that the appellee may be held liable for the alleged molestation of his daughter under the theory that, by allowing it to occur, it violated the duty which " 'a business inviter owes . . . to protect its invitees from abusive language and conduct' " on the part of its employees. *Revco Discount Drug Centers of Ga. v. Famble*, 173 Ga. App. 330, 332 (5) (326 SE2d 532) (1985), quoting from *Swift v. S. S. Kresge Co.*, 159 Ga. App. 571, 572 (284 SE2d 74) (1981). However, this duty is based upon the principle that " '[o]ne who maintains a mercantile establishment for the purpose of selling goods owes a duty to a customer, lawfully in his store by his implied invitation for the purpose of transacting business, to protect the customer against the use of any unprovoked and unjustifiable opprobrious and insulting and abusive words by a clerk employed by him to deal with customers, tending to humiliate, mortify, and wound the feelings of the customer.' " *Revco*, supra, 173 Ga. App. at 331-332, quoting from *Lemaster v. Millers*, 33 Ga. App. 451 (1) (126 SE 875) (1924). The alleged abuse at issue in the present case obviously does not fall into this category. Moreover, " 'the gist of th[is] right of recovery . . . is based on the right of the invitee to be protected from any tortious misconduct on the part of the corporation from its agents and employees *acting within the scope of their duties and about their master's business.*' " (Emphasis supplied.) *Swift v. S. S. Kresge Co.*, supra, 159 Ga. App. at 572, quoting from *Southern Grocery Stores v. Keys*, 70 Ga. App. 473 (28 SE2d 581) (1944). Having previously held, in Division 1 of this opinion, supra, that the alleged misconduct of the employee in this case was entirely personal in nature and unrelated to his employment duties, we hold that the appellee was also entitled to summary judgment on this theory of recovery.

4. The appellant's remaining contentions are rendered moot by the foregoing.

618

*Judgment affirmed. Carley, P. J., and Beasley, J., concur.*

DECIDED JANUARY 29, 1992.

*Ronald C. Harrison*, for appellant.
*Harmon, Smith, Bridges & Wilbanks, Archer D. Smith III, Tyrone M. Bridges, Marlan B. Wilbanks*, for appellee.