## 71866. PARKS v. THE STATE.
(343 SE2d 134)

DEEN, Presiding Judge.

Appellant Isaac Parks was tried by a Troup County jury and convicted of armed robbery. During the *voir dire* preceding the trial, defense counsel challenged for cause one member of the jury array who had responded that he was a deputy sheriff in Troup County and that his duties included the apprehension and arrest of persons suspected of crimes. The court interrogated the prospective juror as to his ability to come to a decision without bias and, upon being assured by this individual that he was capable of making an unbiased determination,

ruled him eligible to serve as a juror. The defense then used a peremptory strike to eliminate this person, with the result that all peremptory strikes allotted to the defense were exhausted before jury selection was completed. Parks enumerates as error the trial court's denial of his motion to strike the prospective juror for cause. *Held*:

This case is controlled favorably to appellant by *Hutcheson v. State*, 246 Ga. 13 (268 SE2d 643) (1980); accord *King v. State*, 173 Ga. App. 838 (328 SE2d 740) (1985). In both these cases the defendant, as in the instant case, was forced to use a peremptory strike to remove the law enforcement officer from the jury; and in both the cited cases, again as in the case *sub judice*, the defense exhausted its peremptory strikes during the selection process. As in the cited cases, the conviction of appellant Parks must be reversed.

*Judgment reversed. Benham and Beasley, JJ., concur.*

DECIDED MARCH 18, 1986.

*Timothy S. Minors*, for appellant.

*Arthur E. Mallory III, District Attorney, William G. Hamrick, Jr., Assistant District Attorney*, for appellee.