A95A0026. OBOH v. THE STATE.
(458 SE2d 177)

McMURRAY, Presiding Judge.

Defendant was charged with the offense of theft by receiving a stolen rental car. Defendant filed a motion to suppress, contending he was illegally stopped and searched by a law enforcement officer before his arrest. The evidence adduced at a hearing on this motion to suppress reveals the following:

At about 9:12 in the morning on February 19, 1993, Deputy Joseph Lee Garland of the Douglas County Sheriff's Department was parked across the street from Southern Federal Bank in Lithia Springs, Georgia, when he observed a black male drive a "white panel van [with a] rental sticker from a rental company, bumper stickers . . ." into the bank's parking lot. A rash of recent bank robberies in the area had raised Deputy Garland's suspicions so he pulled his patrol car into the bank's parking lot and waved to the tellers in the drive-in windows. The deputy just wanted to "let them know [he was] there."

As Deputy Garland drove around the bank building, he "noticed

through the office window that is on the side of the bank — there's like a glass pane window — you can see the front door[,] a couple of tellers run up to the door as this guy was getting in the van to leave. [Deputy Garland] drove on around the bank and come (sic) around the other side of the bank to the drive-through window. . . . It looked like [the tellers] were just trying to get a look or . . . maybe catch him to tell him he forgot something[, but] when [the deputy] noticed there were two of them and they didn't go out the door, . . . then [he] thought they were trying to look at a tag number or something to get a tag number. [Deputy Garland then] sped up to drive on around to the other side of the bank [and he noticed that] one of the tellers came to the drive-through window[. This teller] told [the deputy that] this person in this van was acting very suspicious." The bank teller did not have time to tell Deputy Garland why she thought the man in the van was "acting very suspicious" because the suspect "was in the process of pulling out." The deputy "went ahead and proceeded to pull in behind the van and follow him."

Although Deputy Garland followed the van for quite some distance, he did not observe any traffic violations. Nonetheless, the deputy decided to stop the van to "[f]ind out if this person was a licensed driver, was possibly wanted, find out what his reason for being there was." The suspect turned out to be defendant. Defendant did not have a driver's license, and the van he was operating had been acquired (apparently by a third party) by use of a stolen credit card. Defendant was arrested and taken into custody.

The trial court denied defendant's motion to suppress, and defendant filed an application for interlocutory appeal. Defendant filed a notice of appeal after we granted defendant's request to appeal. *Held*:

In four enumerations of error, defendant challenges the denial of his motion to suppress.

" ' "We have repeatedly held that an authorized officer may stop an automobile and conduct a limited investigative inquiry of its occupants, without probable cause, if he has 'reasonable grounds' for such action — 'a founded suspicion is all that is necessary, some basis from which the court can determine that the detention was not arbitrary or harassing.' (Cit.)" (Cit.)' *Brooks v. State*, 129 Ga. App. 109, 111 (198 SE2d 892) (1973)." *Coley v. State*, 177 Ga. App. 669 (1), 670 (341 SE2d 9). In the case sub judice, Deputy Garland explained his reasons for stopping the van as follows: "The fact of being a rental van, that fact we've had several bank robberies in that time period, the fact that the tellers ran to the front door as if they were appearing to get better description or tag number or whatever they were doing, the fact that the other teller said that he was suspicious." Deputy Garland further explained that "rental cars are used in a lot of crimes."

However, the deputy admitted on cross-examination that he had no idea whether any of the recent bank robberies in the Lithia Springs area involved rental cars and that he "didn't know if [the driver of the rental van had] committed a crime in the past or if he was going to commit a crime. . . ." The following discourse more fully discloses the deputy's basis for stopping the suspect who was operating the van: "[DEFENSE COUNSEL:] So all you had on this guy, the reason you stopped him was — what was [the] crime . . . that you thought he was committing? [DEPUTY GARLAND:] Didn't know that he'd committed any crime. Q. You didn't know anything about him committing a crime . . .? A. . . . No, sir, sure didn't. Q. You had no reason to believe that he'd committed a crime or was about to commit a crime . . .? A. I had reason to believe that he was possibly trying to or attempting to. Q. Just a generalized suspicion that he looks suspicious, right? A. No. The tellers saying he was suspicious. Q. Well, that's all you had was them telling you that he looked suspicious? A. Basically. Q. Generally suspicious. A. That's just kind of confirmed my suspicion. Q. Just by looking at him, he looked suspicious? A. Yeah."

" ' "Although an officer may conduct a brief investigative stop of a vehicle, (cit.), such a stop must be justified by specific, articulable facts sufficient to give rise to a reasonable suspicion of criminal conduct, *Terry v. Ohio*, 392 U. S. 1, 27 (88 SC 1868, 1883, 20 LE2d 889, 909) (1968); (Cit.) Investigative stops of vehicles are analogous to *Terry*-stops, *Terry*, supra, and are invalid if based upon only 'unparticularized suspicion or "hunch," ' 392 U. S. at 27 (88 SC at 1883, 20 LE2d at 909)." (Cit.) "An investigatory stop must be justified by some objective manifestation that the person stopped is, or is about to be, engaged in criminal activity. (Cits.)" (Cit.)' *Evans v. State*, 183 Ga. App. 436, 438 (2) (359 SE2d 174) (1987). '(T)his suspicion need not meet the standard of probable cause, (but) must be more than mere caprice or a hunch or an inclination. (Cit.)' *State v. Smith*, 137 Ga. App. 101, 102 (223 SE2d 30) (1975)." *Jorgensen v. State*, 207 Ga. App. 545, 546 (428 SE2d 440). In the case sub judice, the deputy gave no factual basis supporting a founded suspicion that defendant was committing or had just committed a crime at the bank. The deputy simply saw a stranger drive a van (with bumper stickers with the insignia of a rental car agency) into a bank parking lot, observed bank tellers scrutinize the stranger as he was preparing to leave the bank's parking lot and was informed by one of the tellers that this stranger "was acting very suspicious." The teller did not give the deputy a factual basis for her suspicion, and the deputy could not explain why driving a rental van into a bank parking lot is suspicious activity in Lithia Springs, Georgia. Under these circumstances, we cannot affirm the trial court's conclusion that the deputy had a founded basis for

stopping the rental van defendant was operating. Driving a rental van and going into a bank where tellers think a customer is "acting very suspicious" (without giving any factual basis for such suspicion) is insufficient (as a matter of law) to give rise to a reasonable suspicion of criminal conduct. Consequently, the trial court erred in denying defendant's motion to suppress.

*Judgment reversed. Andrews and Blackburn, JJ., concur.*

DECIDED JUNE 7, 1995.

*Gerard J. Lupa*, for appellant.

*J. David McDade*, District Attorney, *Bradley R. Malkin*, Assistant District Attorney, for appellee.