## A97A2246. JOHNSON v. THE STATE.
(498 SE2d 359)

McMURRAY, Presiding Judge.

Defendant Johnson appeals her conviction of a violation of the Georgia Controlled Substances Act, possession of cocaine. The sole enumeration of error complains of the denial of a motion to suppress evidence. *Held*:

Deputy Sheriff Meadows testified that he was dispatched to a suspicious person call based on the conduct of two females who were going door to door, knocking, and asking for a ride. The deputy responded to a residential address, where he was told that the two females were at a nearby automotive repair garage. At the garage the deputy found the two females sitting in a vehicle and ascertained, from a male present there, that he had been asked and was about to give the two females a ride. The deputy approached the two females, asked for their identification, and asked what they were doing in the neighborhood. The defendant's companion cooperated with the deputy's request and was sent to stand nearby. Defendant's response to the request for identification was "do I have to." In responding affirmatively, the deputy seized the person of defendant. See *State v. Westmoreland,* 204 Ga. App. 312 (1) (418 SE2d 822). Our conclusion that a seizure occurred at this point in time is further supported by the deputy's conduct in ordering defendant out of the vehicle in which she was seated and repeatedly insisting that she remove her hands from her pockets. The contraband was found when the deputy directed defendant to empty her pockets. Clearly, any consensual interchange between defendant and the deputy had ceased prior to the deputy's discovery of the contraband in defendant's possession.

This brings us to the question of whether the deputy had an articulable suspicion that defendant was, or was about to be, engaged in criminal activity such as would authorize a seizure. Only a negative conclusion is possible. There is no suggestion that defendant's conduct in soliciting a ride was illegal. While the deputy testified that the defendant's conduct in going door to door knocking was suspicious because the same modus operandi was used in connection with burglaries, such amounted to only an unparticularized suspicion or hunch. No evidence of any circumstances consistent with such a theory was introduced. There was no objective basis for suspecting the defendant of criminal activity and indeed the circumstances in which the deputy found defendant and her companion were entirely consistent with an innocent goal of obtaining a ride. Construing the evidence most favorably to the trial court's judgment, we find the record lacks evidence which would support any reasonable suspicion that defendant was engaged in any unlawful activity. The seizure of the person of defendant was unreasonable and the denial of her

motion to suppress evidence was error. *State v. King*, 227 Ga. App. 466, 468 (489 SE2d 361); *State v. Banks*, 223 Ga. App. 838, 840 (479 SE2d 168); *Oboh v. State*, 217 Ga. App. 553, 555 (458 SE2d 177); *Streicher v. State*, 213 Ga. App. 670, 672 (445 SE2d 815); *Rogers v. State*, 206 Ga. App. 654, 658 (3), 659 (426 SE2d 209).

*Judgment reversed. Smith, J., concurs. Beasley, J., concurs in the judgment only.*

DECIDED MARCH 17, 1998.

*Sanders, Haugen & Sears, Walter S. Haugen*, for appellant.

*Peter J. Skandalakis, District Attorney, Lynda S. Engel, Assistant District Attorney*, for appellee.