## A98A0609. MEALOR v. THE STATE.
### (504 SE2d 29)

Judge Harold R. Banke.

Olen Grover Mealor appeals his convictions for driving under the influence of alcohol to the extent that he was a less safe driver and driving within three hours of having a blood alcohol level of .10 in violation of OCGA § 40-6-391 (a) (1) and (5). Although the trial court found Mealor guilty of both counts, he sentenced him only for the violation of OCGA § 40-6-391 (a) (1).

State Trooper T. J. Jackson stopped Mealor at an approved roadblock. Trooper Jackson testified that he noticed a strong odor of an alcoholic beverage and asked Mealor to pull to the side of the road and step out of his vehicle. When asked, Mealor admitted he had "three or four drinks." Also, when Mealor exited his vehicle, Trooper Jackson noticed Mealor was wearing bedroom shoes and was unsteady on his feet. Jackson further testified that Mealor's eyes were bloodshot and his speech was mumbled. Mealor subsequently failed several field sobriety tests, which included the one-leg stand evaluation, the horizontal gaze nystagmus evaluation, and the alco-sensor field sobriety test. At that point, Trooper Jackson determined that Mealor was under the influence of alcohol to the extent he became a less safe driver and placed him under arrest for DUI. The results of an Intoxilyzer 5000 test indicated that Mealor's blood alcohol content was .144 and .132 grams. *Held:*

1. Mealor asserts the trial court erred in failing to require the State to lay a proper foundation before introducing evidence of his alco-sensor results. Pretermitting whether the trial court was in error, see *Knapp v. State,* 229 Ga. App. 175 (493 SE2d 583) (1997), there was sufficient evidence independent of the alco-sensor results to support a finding that Mealor was under the influence of alcohol to the extent he was a less safe driver. Given the totality of the evidence, it is more likely than not that the admission of the alco-sensor results did not affect the verdict. Thus, their admission was not reversible error. *Simms v. State,* 223 Ga. App. 330, 333 (477 SE2d 628) (1996).

2. In his second enumeration of error, Mealor contends the trial court erred in admitting in evidence Intoxilyzer 5000 certificates of inspection without first requiring the State to lay the proper foundation. In *Brown v. State*, 268 Ga. 76, 80-81 (485 SE2d 486) (1997), the Supreme Court held that "breath-testing device certificates are records made within the regular course of the business within the meaning of OCGA § 24-3-14 and may, upon the proper foundation being laid, be introduced into evidence under the business record exception to the hearsay rule." The foundational requirements of OCGA § 24-3-14 (b) are that a witness who is familiar with the method of keeping records testifies to facts which show that the record sought to be admitted was made in the regular course of business at the time of the event or within a reasonable time thereafter. *Suarez v. Suarez*, 257 Ga. 102, 103-104 (2) (355 SE2d 649) (1987). The witness laying the foundation need not be the custodian of the record. *Nalley Northside Chevrolet v. Herring*, 215 Ga. App. 185, 186 (3) (450 SE2d 452) (1994).

Here, Trooper Jackson testified that an inspector authorized by the Division of Forensic Sciences performs a quarterly inspection of the Intoxilyzer 5000 machine. He further testified that each certificate recording the inspection was prepared on the date of the test as sworn to by a notary. In addition, the trooper who actually inspected the machine and filled out the certificate testified as to the inspection process and stated that he would not have signed the certificate if he had not followed the inspection certificate procedures. Accordingly, we find this foundation to be proper under the requirements of OCGA § 24-3-14 (b) for the admissibility of a business record.

3. Mealor contends the trial court erred in admitting the results of the Intoxilyzer 5000 because the State failed to lay a proper foundation. He argues that since the certificates of inspection were inadmissible, the results of the Intoxilyzer 5000 were likewise inadmissible. Because of our holding in Division 2, this enumeration is without merit.

4. Lastly, Mealor asserts the trial court. erred in denying his motion for a directed verdict of acquittal for driving under the influence to the extent he was a less safe driver. A trial court's denial of a motion for a directed verdict of acquittal will not be disturbed unless, after viewing the evidence in the light most favorable to the prosecution, no rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Crawford v. State*, 245 Ga. 89, 90 (1) (263 SE2d 131) (1980). Because we find the evidence of Mealor's unsteady gait, the odor of alcoholic beverages emanating from him, and the results of his field tests sufficient to meet this standard, the trial court did not err when it denied Mealor's motion.

See *Tanner v. State*, 225 Ga. App. 702, 703 (484 SE2d 766) (1997).
*Judgment affirmed. Johnson, P. J., and Smith, J., concur.*

DECIDED JULY 1, 1998.

*Thomas L. Burton, Dennis R. Fortin*, for appellant.
*Gerald N. Blaney, Jr., Solicitor, Kelly B. Willis, Assistant Solicitor*, for appellee.