### A98A1731. DAVIS v. THE STATE.
(510 SE2d 889)

BEASLEY, Presiding Judge.

John Davis appeals his convictions for having an alcohol concentration of .10 grams or more within three hours of driving (OCGA § 40-6-391 (a) (5)), for driving under the influence of alcohol to the extent it was less safe (OCGA § 40-6-391 (a) (1)), and for improper lane change (OCGA § 40-6-123). He enumerates five errors by the court: (i) denial of his motion to exclude evidence arising from the police stop; (ii) admission of the certifications that the breath-analyzing machine was in good working order; (iii) giving OCGA § 40-6-123 as a jury instruction; (iv) giving a mandatory inference instruction from OCGA § 40-6-392 (b); and (v) refusing to strike an active duty police officer from the jury panel for cause.

1. Davis moved to exclude the evidence arising out of the stop, contending that it was based on pretext. The officer testified that at 3:30 a.m., while following Davis' vehicle on a road with three westbound lanes, she witnessed him weave from the center lane toward the left lane and straddle the dividing stripes for twenty feet, return to the center lane, weave toward the right lane and straddle those dividing stripes for ten feet, and return to the center lane. She stopped him and, upon smelling alcohol on his breath, conducted four field sobriety tests that he performed poorly. After he tested positive for alcohol, she placed him under arrest for DUI. He consented to a chemical analysis of his breath, which showed his alcohol concentration to be .110.

The court denied the motion to exclude, finding the evidence showed the officer had an articulable suspicion to stop Davis for DUI and improper lane change. The court appeared to reject Davis' arguments that the weaving was minimal and was a mere pretext for the stop. On appeal Davis urges that the weaving was at most only a technical violation of OCGA § 40-6-48 (1) and, similar to the defendant in *Brantley v. State*,[1] that we should construe the search and seizure clause of the Georgia Constitution to prohibit pretextual stops even though they are not prohibited by the Fourth Amend-

---

[1] 226 Ga. App. 872, 873 (1) (487 SE2d 412) (1997).

ment.[2] "This is a question of constitutional construction which will have to be decided by the Supreme Court of Georgia."[3] Because the court did not err in finding no pretext, this issue is not reached for review and no transfer to the Supreme Court is required.[4] Moreover, the state constitutional question, although raised in the written motion, was not explicitly ruled on below, which also precludes review.[5]

OCGA § 40-6-48 (1) provides that "[a] vehicle shall be driven as nearly as practicable entirely within a single lane and shall not be moved from such lane until the driver has first ascertained that such movement can be made with safety." Weaving without reason into nearby lanes violates this statute.

"Numerous cases have held that weaving out of one's lane justifies a stop. . . . Most of these cases focus on the weaving not as a traffic offense but as an indication that the driver was possibly intoxicated, which in this context authorized police to stop the driver to determine if the suspicion, a reasonable one, was accurate. This Court has specifically determined that an officer's observation of a motorist's 'weaving' may serve as sufficient reason to warrant an investigative stop for a possible DUI violation. Thus the behavior giving rise to the reasonable suspicion need not be a violation of the law. . . . [T]he police can stop drivers who engage in erratic driving behavior, even if it is simply weaving within a lane."[6]

Davis' behavior (lack of adequate control of car) justified the stop.[7] Evidence supported the court's inferred finding that the stop was not pretextual, particularly in light of Davis' failure to identify an alleged pretext for the stop.[8]

2. Pursuant to OCGA § 40-6-392 (f), the court admitted sworn documents certifying that the breath-testing device used to determine Davis' alcohol concentration had been thoroughly tested and was in good working order and that all of its electronic and operating

---

[2] See *Whren v. United States*, 517 U. S. 806 (116 SC 1769, 135 LE2d 89) (1996) (pretextual stops are not prohibited by the Fourth Amendment where police observe traffic violation).

[3] *Brantley*, supra, 226 Ga. App. at 873 (1); see Ga. Const. of 1983, Art. I, Sec. I, Par. XIII (search and seizure provision) and Art. VI, Sec. VI, Par. II (Supreme Court has exclusive jurisdiction of interpretation of state constitution).

[4] *Brantley*, supra, 226 Ga. App. at 873, n. 1.

[5] *Marr v. Dept. of Ed.*, 264 Ga. 841 (452 SE2d 112) (1995) (party must elicit specific ruling on constitutional question to preserve it for appellate review).

[6] (Citations and punctuation omitted.) *Semich v. State*, 234 Ga. App. 89, 91-92 (506 SE2d 216) (1998).

[7] See *State v. Diamond*, 223 Ga. App. 164, 166 (477 SE2d 320) (1996) (straddling lanes justified stop).

[8] See *Tate v. State*, 264 Ga. 53, 54 (1) (440 SE2d 646) (1994) (uphold findings on motion to suppress if any evidence supports them).

components prescribed by the manufacturer were properly attached. Davis challenges the establishment of the certificates as business records under OCGA § 24-3-14.

*Brown v. State*[9] held such certificates are admissible "upon a proper foundation being established" and specifically approved the foundation for business records in OCGA § 24-3-14. "The foundational requirements of OCGA § 24-3-14 (b) are that a witness who is familiar with the method of keeping records testifies to facts which show that the record sought to be admitted was made in the regular course of business at the time of the event or within a reasonable time thereafter."[10]

It is not disputed that the State presented a witness, familiar with the certificates and the method of creating and keeping them, who testified they were created and maintained in the regular course of police business. Davis claims the witness did not testify the certificates were made within a reasonable time of the testing. This witness not only so testified, but so did a second witness. Additionally, the notary jurat for each certificate confirmed it was filled out on the day of inspection.[11] Unlike the cases cited by Davis,[12] the State laid the proper foundation.[13]

3. Claiming he was tried for an offense under OCGA § 40-6-48, Davis contends the court erred in reading OCGA § 40-6-123 as part of its jury charge. Davis is confused; he was tried for and convicted of improper lane change, an offense under OCGA § 40-6-123. The State dropped the "failure to maintain lane" charge, an offense under OCGA § 40-6-48, at the beginning of trial. The court did not err.

4. But the court did commit reversible error in two respects. First, the judge instructed the jury that "if there was at that time an alcohol concentration of 0.08 grams or more, it shall be inferred that the person was under the influence of alcohol as prohibited by Code Section 40-6-391." This mandatory inference, even though paraphrased in the language of OCGA § 40-6-392 (b) (3), impermissibly shifted the burden to Davis to prove his innocence of the DUI charge under OCGA § 40-6-391 (a) (1) (less safe to drive).[14] The DUI convic-

---

[9] 268 Ga. 76, 81 (485 SE2d 486) (1997).

[10] (Citation omitted.) *Mealor v. State*, 233 Ga. App. 193, 194 (2) (504 SE2d 29) (1998).

[11] Id. (each certificate recording the inspection was prepared on the date of the test as sworn to by the notary).

[12] *Mullinax v. State*, 231 Ga. App. 534, 535 (2) (499 SE2d 903) (1998) (officer did not know if documents were made contemporaneously with the testing); *Hamilton v. State*, 228 Ga. App. 285, 286 (4) (491 SE2d 485) (1997) (no foundation laid other than showing certificates were maintained in log book); *Daniel v. State*, 227 Ga. App. 92, 93 (488 SE2d 129) (1997) (no effort to lay foundation).

[13] See *Payne v. State*, 232 Ga. App. 591, 594 (2) (502 SE2d 526) (1998).

[14] *Stepic v. State*, 226 Ga. App. 734, 735 (1) (487 SE2d 643) (1997); *Holcomb v. State*, 217 Ga. App. 482, 484 (3) (458 SE2d 159) (1995); *Ellerbee v. State*, 215 Ga. App. 102, 105 (4) (449

tion under OCGA § 40-6-391 (a) (5), which defines DUI as the act of having an alcohol concentration of .10 or more within three hours of driving, is not affected by reading to the jury the language of OCGA § 40-6-392 (b).[15]

5. Reversal of all convictions is required by the second error. Despite Davis' request, the court refused to strike for cause a juror on the panel who was an active duty police officer. Davis was forced to use a peremptory strike to remove the officer and exhausted his peremptory strikes during jury selection.

*Hutcheson v. State*[16] held that if full-time officers are challenged for cause in a criminal case, they must be removed, and that failure to do so is reversible error. Although reversal was at one time contingent on the defendant using a peremptory strike to remove the juror and on the defendant exhausting his peremptory strikes during the selection process,[17] circumstances which Davis happens to meet, such is no longer required.[18] The statement by the officer that he could decide the matter impartially is immaterial.[19] Accordingly, all convictions are reversed, and Davis is entitled to a new trial.

*Judgments reversed on all counts. Pope, P. J., and Ruffin, J., concur.*

DECIDED JANUARY 14, 1999.

*Head, Mullis, Thomas & Webb, Thomas J. Thomas*, for appellant.
*Carmen Smith, Solicitor, Cynthia G. Strong-McCarthy, Assistant Solicitor*, for appellee.

---

SE2d 874) (1994). Compare *Lattarulo v. State*, 261 Ga. 124, 125 (1) (401 SE2d 516) (1991) (permissible inference allowed).

[15] *Lester v. State*, 253 Ga. 235, 237-238 (2) (320 SE2d 142) (1984); *Ellerbee*, supra, 215 Ga. App. at 104-105 (5).

[16] 246 Ga. 13, 14 (1) (268 SE2d 643) (1980).

[17] See *Parks v. State*, 178 Ga. App. 317, 318 (343 SE2d 134) (1986); *King v. State*, 173 Ga. App. 838 (328 SE2d 740) (1985) (physical precedent only).

[18] *Harris v. State*, 255 Ga. 464 (2) (339 SE2d 712) (1986).

[19] *Hutcheson*, supra, 246 Ga. at 14.