## A01A2327. WORSHAM v. THE STATE.
### (554 SE2d 805)

PHIPPS, Judge.

Danny Worsham was convicted at a bench trial of possession of methamphetamine with intent to distribute, after the drugs were seized from him during a traffic stop. He filed a motion to suppress, claiming, among other things, that the stop was illegal. The trial court denied the motion, finding that the officer who made the stop acted properly based on his reasonable, albeit erroneous, belief that the law had been violated. In reviewing a motion to suppress, we conduct a de novo review of the trial court's application of law to the undisputed facts.[1] A trial court's ruling on a motion to suppress will be upheld if it is right for any reason.[2] Applying these rules, we affirm.

City of McDonough Police Officer Thomas testified that, on the evening of October 19, 1999, his attention was drawn to a truck driven by Worsham because the license tag bore an October 1999 decal, and he believed that Georgia law required registration of the vehicle by the first day of the owner's birth month. Thomas was mistaken in this belief, however, as the period for registration of vehicles in Georgia ends on the date of the owner's birthday.[3] Nonetheless, Thomas followed Worsham in his patrol car and initiated a traffic stop after observing Worsham weaving over the centerline of the roadway approximately three times.

Thomas's testimony and an audio-videotape of the transaction that was played to the court showed that Thomas approached the driver's side of the truck and asked Worsham for his driver's license and proof of insurance. According to Thomas, a strong odor of burnt marijuana emanated from the driver's compartment. Thomas informed Worsham that he was being stopped because his tag had

---

[1] *State v. Burnett,* 249 Ga. App. 334 (548 SE2d 443) (2001).
[2] *Benton v. State,* 240 Ga. App. 243, 245 (1) (522 SE2d 726) (1999).
[3] OCGA § 40-2-21 (a) (1) (A) (i).

expired and asked Worsham to accompany him to the rear of the truck while he ran a check of the license. There he detected a strong odor of marijuana on Worsham's breath and person. Worsham, however, did not appear to be under the influence of drugs to the extent he was less safe to drive. In order to maintain calm, Thomas did not accuse Worsham of being under the influence of intoxicants but rather asked him if he was in possession of any weapons or illegal narcotics. While this questioning was under way, another officer appeared on the scene. Thomas asked for permission to search Worsham's pants pockets, but Worsham refused and began to protest. After further discussion, Thomas asked if Worsham minded if he searched the truck, and Worsham responded, "No." During the search of the truck, Thomas discovered a scale with suspected methamphetamine residue. Confronted with the officer's find, Worsham attempted to flee the scene. He was quickly apprehended by the two officers, and approximately eleven grams of methamphetamine were found in a canister clutched in his hand. He was arrested for illegal drug possession, but not cited for any traffic violation.

Worsham moved to suppress evidence seized during the traffic stop, arguing that he had not committed any traffic violation, as his birthday is October 31 and, therefore, his car had been properly registered and displayed a proper decal; that, even if the stop was valid, it should have ended when the officer determined that his temporary driver's permit and tag were valid; that any consent by him to search the truck was thus invalid because it was the product of an illegal detention, as well as coercive questioning; and that, even if the consent was valid, the search of his person exceeded the scope of his consent.

"Although an officer's honest belief that a traffic violation has actually been committed in his presence may ultimately prove to be incorrect, such a mistaken-but-honest belief may nevertheless demonstrate the existence of 'at least an articulable suspicion and reasonable grounds for the stop.' [Cit.]"[4] "The question to be decided is whether the officer's motives and actions at the time and under all the circumstances, including the nature of the officer's mistake, if any, were reasonable and not arbitrary or harassing."[5] Even assuming that Thomas's mistaken belief that Georgia's motor vehicle registration law had been violated was not reasonable, he was nonetheless authorized to initiate the traffic stop after observing Worsham vio-

---

[4] *State v. Webb*, 193 Ga. App. 2, 4 (1) (386 SE2d 891) (1989); compare *Berry v. State*, 248 Ga. App. 874, 879-880 (3) (547 SE2d 664) (2001) (where the police indisputably observed no traffic violations); *State v. Goodman*, 220 Ga. App. 169, 170 (2) (469 SE2d 327) (1996) (same); *Oboh v. State*, 217 Ga. App. 553 (458 SE2d 177) (1995) (same).

[5] (Citations and punctuation omitted.) *State v. Webb*, supra at 3-4 (1).

late another traffic law by failing to maintain his lane.[6] Thomas's detection of the odor of marijuana provided sufficient suspicion of criminal activity to justify Worsham's continued detention.[7] The evidence thus supports findings that Worsham's consent to search his truck was not the product of an illegal detention but rather was freely and voluntarily given.[8] Under the circumstances, Worsham's flight from the scene constituted sufficient probable cause for the arrest and incidental search.[9]

*Judgment affirmed. Smith, P. J., and Barnes, J., concur.*

DECIDED OCTOBER 5, 2001 — 

*Lee Sexton*, for appellant.
*Tommy K. Floyd, District Attorney, James L. Wright III, Sandra A. Graves, Assistant District Attorneys*, for appellee.

---

[6] See *Davis v. State*, 236 Ga. App. 32, 33 (1) (510 SE2d 889) (1999); *Larochelle v. State*, 219 Ga. App. 792, 796 (4) (466 SE2d 672) (1996).

[7] See *Taylor v. State*, 230 Ga. App. 749, 751 (1) (c) (498 SE2d 113) (1998); compare *State v. Gibbons*, 248 Ga. App. 859 (547 SE2d 679) (2001), and cits.

[8] *Taylor v. State*, supra.

[9] See *Freeman v. State*, 248 Ga. App. 363, 365 (1) (548 SE2d 616) (2001).