A06A1142. RAYO-LEON v. THE STATE.
(635 SE2d 368)

ADAMS, Judge.

Arsenio Rayo-Leon was convicted of trafficking drugs, possession with intent to distribute, driving without a license, and failure to maintain his lane while driving. On appeal, he contends the trial court erred by denying his motion to suppress and by allowing an investigator to testify as a rebuttal witness.

1. A trial judge's findings of fact on a motion to suppress should not be disturbed if there is any evidence to support them; determinations of fact and credibility must be accepted unless clearly erroneous; and the evidence must be construed in favor of the trial court's findings and judgment. *Tate v. State*, 264 Ga. 53, 54 (1) (440 SE2d 646) (1994); *Jackson v. State*, 258 Ga. App. 806, 807-808 (2) (575 SE2d 713) (2002).

Construed in favor of the trial court's decision on the motion to suppress, the evidence shows that Sergeant Deyette of the Doraville Police Department was on routine patrol of Interstate 285 in a

marked patrol vehicle. Deyette received a BOLO (be on the lookout) for a white Ford Econoline Van in his area, driven by a heavy-set Hispanic male, that might be transporting narcotics. Deyette saw a van fitting the description and followed it for possible traffic violations. He observed the van failing to maintain its lane by twice crossing the white traffic lines — "drifting left across the dash lines and then back into his lane." The van did not signal or change lanes, but its tires on one side twice crossed the traffic lines. Traffic was heavy on I-285 at the time. Deyette initiated a traffic stop.

Rayo-Leon told Deyette that he did not have a license. In response to Deyette's question about insurance, Rayo-Leon opened the van door, and Deyette saw a ziplock bag of white, flaky material that, based on his training and experience, Deyette recognized as methamphetamine. Rayo-Leon produced an insurance card, but a computer search confirmed that he was unlicensed. Rayo-Leon was arrested for driving without a license and failure to maintain lane. At that point, he was placed in handcuffs and read his *Miranda* rights. After that, Rayo-Leon consented to a search of the van. The search revealed two gallon-size ziplock bags, each containing a substantial amount of white, flaky material that later proved to be methamphetamine weighing approximately three pounds.

Rayo-Leon contends the State has failed to produce evidence to show that his movements out of his lane were not made with safety. But, "[w]eaving without reason into nearby lanes violates [OCGA § 40-6-48 (1)]" and justifies a stop. *Davis v. State*, 236 Ga. App. 32, 33 (1) (510 SE2d 889) (1999). See also *Veal v. State*, 273 Ga. App. 47, 49-50 (614 SE2d 143) (2005) (weaving out of one's lane and driving very slowly justifies stop because it indicates driver might be intoxicated); *Worsham v. State*, 251 Ga. App. 774, 775-776 (554 SE2d 805) (2001) (officer authorized to initiate traffic stop after observing driver fail to maintain lane). The cases cited by Rayo-Leon are not on point. See *Clark v. State*, 208 Ga. App. 896, 899 (432 SE2d 220) (1993) (involving OCGA § 40-6-123 and driver did not weave); *Bowers v. State*, 221 Ga. App. 886 (473 SE2d 201) (1996) (involving OCGA § 40-6-123).

Rayo-Leon also contends that the BOLO gave Deyette an ulterior motive for stopping the van. But ulterior motives are not relevant in this situation. *Garmon v. State*, 271 Ga. 673, 678 (3) (524 SE2d 211) (1999).

We find no error in the trial court's denial of Rayo-Leon's motion to suppress.

2. Rayo-Leon also contends the trial court erred by allowing a witness to testify in rebuttal because the State did not list the witness on the information provided to him. He contends the witness was a surprise rather than a rebuttal witness, that the State was aware of

the witness all along, and that his testimony was more prejudicial than probative. He relies on OCGA § 17-16-3, which requires that every person charged with a criminal offense be provided a list of witnesses prior to arraignment.

We find no error because there is nothing in the record to show that Rayo-Leon gave the State a written discovery request pursuant to OCGA § 17-16-2 or made a written demand for a list of witnesses. *Anderson v. State*, 265 Ga. App. 428, 430 (2) (594 SE2d 669) (2004). "Because he failed to agree to reciprocal discovery, [Rayo-Leon] was not entitled to a continuing list of trial witnesses. . . ." (Citation omitted.) *Blevins v. State*, 270 Ga. App. 388, 391 (2) (606 SE2d 624) (2004). Furthermore, the witness was offered to rebut an assertion that Rayo-Leon made while testifying in his own defense, and when the issue was raised, the trial court gave Rayo-Leon time to interview the witness and limited the scope of questioning. See *Anderson*, 265 Ga. App. at 431 (2). We find no abuse of discretion.

*Judgment affirmed. Blackburn, P. J., and Mikell, J., concur.*

DECIDED AUGUST 11, 2006.

*Phyllis R. Williams*, for appellant.
*Gwendolyn Keyes Fleming, District Attorney, Leonora Grant, Assistant District Attorney*, for appellee.