## A08A0548. BELL v. THE STATE.
(662 SE2d 248)

RUFFIN, Presiding Judge.

Following a jury trial, Michael Bell was convicted of driving under the influence to the degree it was less safe for him to drive ("DUI less safe"), driving with a suspended or revoked license, and failing to maintain his lane. He appeals, arguing that the trial court erred in denying his motion to suppress. Bell also challenges the sufficiency of the evidence. For reasons that follow, we affirm.

On appeal from a criminal conviction, the defendant no longer enjoys a presumption of innocence, and we view the evidence in a

light most favorable to the verdict.[1] We neither weigh the evidence nor judge the credibility of witnesses, but only determine whether the evidence was sufficient to establish guilt beyond a reasonable doubt.[2] Viewed in this light, the evidence shows that on September 6, 2005, Corporal Mitchell of the Savannah-Chatham Metropolitan Police Department noticed Bell's vehicle stopped at a green light. Bell then made a "wide sweeping turn" into the roadway behind Mitchell's patrol car, changed lanes without signaling, and passed Mitchell. The officer sped up, and as the two vehicles proceeded side-by-side, Bell "drifted" into Mitchell's lane, crossing the center-line seven times. At one point, Mitchell had to swerve to avoid being struck by Bell. They approached a red light, where Bell stopped his vehicle approximately three to four car lengths behind the stop line. After proceeding through the green light, Bell again repeatedly crossed the centerline into the adjacent lane.

Based on Bell's actions, Mitchell stopped him and called for backup. Mitchell, who has specialized DUI training, noticed that Bell's eyes were "bloodshot . . . and glazed over," he seemed confused, and his speech was slurred. Mitchell also noticed a "strong odor" of alcohol coming from Bell's vehicle and he observed what he believed to be an open cup of beer in the passenger's side of the vehicle. Officer Dykes arrived on the scene and began questioning Bell, who "[did not] kn[o]w where he was." According to Dykes, Bell's eyes were bloodshot and there was "a strong alcoholic odor emitting from [his] vehicle." Dykes asked Bell to step out of the vehicle, and Bell complied, after an initial hesitation. Bell "staggered" and "actually leaned against the vehicle to hold himself up from falling over [sic]."

The officers ran a computer check on Bell's license and discovered that it had been suspended. Bell was asked to submit to field sobriety testing, but he refused. While waiting for the police transport vehicle, Bell urinated on himself. Both officers believed, based upon their observations and experience, that Bell was under the influence of alcohol to the extent that it was less safe for him to drive, and Bell was arrested.

After his arrest, Bell filed a motion to suppress asserting, inter alia, that the initial traffic stop was not supported by probable cause. The trial court denied the motion, and the jury found Bell guilty.[3]

1. Bell contends that the trial court erred in denying his motion to suppress. We find no error.

---

[1] See *Reese v. State*, 270 Ga. App. 522, 523 (607 SE2d 165) (2004).

[2] See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[3] The trial court granted Bell's motion to suppress his refusal to submit to a breath test. That ruling is not at issue in this appeal.

Corporal Mitchell, who conducted the traffic stop, did not testify at the suppression hearing. The trial court allowed Officer Dykes to testify — over Bell's objection — as to what Mitchell told him about his reasons for stopping Bell.[4] On appeal, Bell argues that Dykes's testimony on this issue constituted inadmissible hearsay and thus, there was no evidence that Mitchell had probable cause for initiating the traffic stop.

But "hearsay is admissible in determining the existence of probable cause."[5] Further, "in reviewing the denial of a motion to suppress, we consider all the evidence of record, including evidence introduced at trial."[6] Thus, we are required to consider Mitchell's trial testimony,[7] and his testimony that he observed Bell "drift" into the adjacent lane more than seven times constitutes probable cause sufficient to justify the traffic stop.[8] Accordingly, this enumeration presents no basis for reversal.

2. In a related enumeration, Bell contends that the trial court "erred by allowing the State to cure the defects in the evidence presented at the [s]uppression [h]earing with the subsequent testimony of [Corporal] Mitchell at the [j]ury [t]rial." In support of this enumeration, Bell cites a single case for the proposition that the admission of evidence lies within the discretion of the trial court. He provides no authority — and we are not aware of any — in support of his argument that trial witnesses are limited to those witnesses who testified at the suppression hearing. We find this enumeration meritless.

3. Bell also contends that the evidence was insufficient to support his convictions, arguing that "[h]ad the traffic stop and the fruits therefrom been properly suppressed[,] then there would have been no evidence upon which to base any conviction." However, as set forth in Division 1, the trial court did not err in denying Bell's motion to suppress.

Bell also challenges the sufficiency of the evidence presented at trial. Again, we disagree. Bell stipulated that his license was sus-

---

[4] The trial court denied the State's request for a continuance so that Corporal Mitchell could testify.

[5] *Banks v. State of Ga.*, 277 Ga. 543, 544 (1) (592 SE2d 668) (2004); see also *Gresham v. Edwards*, 281 Ga. 881, 883 (2) (644 SE2d 122) (2007) (the prohibition against testimonial hearsay set forth in *Crawford v. Washington*, 541 U. S. 36 (124 SC 1354, 158 LE2d 177) (2004), is not applicable to preliminary hearings).

[6] *Wesson v. State*, 279 Ga. App. 428, 431 (2) (631 SE2d 451) (2006).

[7] See id.

[8] See *Rayo-Leon v. State*, 281 Ga. App. 74, 75 (1) (635 SE2d 368) (2006) (" '[w]eaving without reason into nearby lanes' . . . justifies a stop"); *Worsham v. State*, 251 Ga. App. 774, 775-776 (554 SE2d 805) (2001) (officer authorized to initiate traffic stop after observing driver fail to maintain lane).

pended at the time of his arrest and that he was aware of the suspension. This stipulation authorized the jury's guilty verdict for driving with a suspended license.[9] And Corporal Mitchell's testimony that Bell crossed from one lane into another more than seven times without signaling — at one point requiring Mitchell to swerve to avoid being struck by Bell's vehicle — was sufficient evidence that he failed to maintain his lane of traffic.[10]

With regard to the DUI charge, in addition to Bell's erratic driving, confusion, slurred speech, bloodshot eyes, urinating on himself, and staggering, the arresting officers smelled a strong odor of alcohol coming from his vehicle, and they observed an open container of beer in his vehicle. The officers also testified that, in their opinion, Bell was under the influence to the extent that he was less safe to drive. This evidence was sufficient to sustain Bell's conviction for DUI less safe.[11]

*Judgment affirmed. Andrews and Bernes, JJ., concur.*

DECIDED MAY 7, 2008.

*Williams & Pine, Jonah L. Pine*, for appellant.
*Spencer Lawton, Jr.*, District Attorney, *James V. Rodatus*, for appellee.

[9] See *Foster v. State*, 258 Ga. App. 601, 603 (1) (574 SE2d 843) (2002).
[10] See OCGA § 40-6-48 (1); *Arsenault v. State*, 257 Ga. App. 456, 457 (1) (b) (571 SE2d 456) (2002).
[11] See *Grodhaus v. State*, 287 Ga. App. 628, 631-632 (2) (653 SE2d 67) (2007); *Stone v. State*, 248 Ga. App. 190, 192 (1) (546 SE2d 787) (2001); *Waits v. State*, 232 Ga. App. 357, 358 (1) (501 SE2d 870) (1998).