[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 06, 2011
JOHN LEY
CLERK

_____

No. 09-15587
Non-Argument Calendar

_____

D. C. Docket No. 08-00052-CR-HLM-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

NATHAN CORLEY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(January 6, 2011)

Before EDMONDSON, CARNES and MARCUS, Circuit Judges.

PER CURIAM:

Nathan Corley appeals his conviction under 21 U.S.C. section 841(a)(1) for

possession with intent to distribute cocaine.  The district court concluded correctly

that, because the deputies had probable cause to stop and to search Corley's

vehicle, the deputies' actions violated no constitutional rights and required no suppression of evidence; accordingly, we affirm.

## I. BACKGROUND

One evening in 2008, two sheriff's deputies observed Corley's vehicle driving more slowly than other vehicles on the interstate and--for no apparent reason--veering out of and back into its lane. While they followed Corley's vehicle, police dispatch told the deputies that Corley's tag number was not on file, prompting the deputies' suspicion of an invalid tag.[1] When the deputies pulled over Corley's vehicle, they smelled burnt marijuana and witnessed Corley behaving nervously, failing to look them in the eye, and giggling. In a pat-down search of Corley outside his vehicle, the deputies found a small bag of marijuana in Corley's pocket. Having found marijuana, the deputies' searched Corley's vehicle and discovered a box of cocaine in the trunk.

Corley's case comes to us after both the magistrate judge and the district court judge denied Corley's motion to suppress evidence from the deputies' search

---

[1] The deputies later discovered that this tag search was performed incorrectly and that the tag was legitimate. But this error raises no question about the reasonableness of the deputies' belief at the pertinent time that Corley's tag may not have been registered.

and seizure.

## II. DISCUSSION

We review a district court's denial of a motion to suppress as a mixed question of law and fact, reviewing the district court's findings of fact for clear error and the district court's application of law to those facts de novo. United States v. Ponce-Aldona, 579 F.3d 1218, 1221 (11th Cir. 2009). We afford considerable deference to the magistrate judge's and district court judge's credibility determinations because they are "in a better position than a reviewing court to assess the credibility of witnesses." United States v. Ramirez-Chilel, 289 F.3d 744, 749 (11th Cir. 2002).

Corley first contends that the deputies' traffic stop of his vehicle was racially motivated and violated his Fourth Amendment rights. A traffic stop is constitutional if it is either based upon probable cause to believe that a traffic violation has occurred or justified by reasonable suspicion that a person is engaged in criminal activity. See United States v. Harris, 526 F.3d 1334, 1337 (11th Cir. 2008). Probable cause requires more than mere suspicion but does not require the same "standard of conclusiveness and probability as the facts necessary to support

3

a conviction." United States v. Dunn, 345 F.3d 1285, 1290 (11th Cir. 2003).

Here, the magistrate determined that the deputies credibly testified that a lane violation occurred, which provided sufficient probable cause for the deputies to stop Corley's vehicle.  See Rayo-Leon v. State, 635 S.E.2d 368, 370 (Ga. Ct. App. 2006).[2]  The deputies' incorrect but reasonable belief of a possible tag violation provides another source of probable cause and bolsters--rather than undermines as Corley contends--the deputies' belief that they had probable cause for a stop.  See United States v. Chanthasouxat, 342 F.3d 1271, 1276 (11th Cir. 2003).  Because the deputies had probable cause for the stop, we need not consider Corley's claim about a racially motivated pretext for the stop.  See Whren v. United States, 116 S. Ct. 1769, 1774-77 (1996).

Corley next contends that his constitutional rights were violated during his detention and pat down after the deputies had stopped him.

An officer's investigation after a traffic stop "must be reasonably related in scope to the circumstances which justified the interference in the first place," and the stop "must be limited to the time necessary to effectuate the purpose of the

---

[2] Regardless of the motive, if any, behind the deputies' alleged thirty-minute delay in telling Corley that they pulled him over because of the improper lane change, the controlling fact remains that the deputies objectively possessed probable cause for the stop.  See Harris, 526 F.3d at 1337; United States v. Hernandez, 418 F.3d 1206, 1210 n.4 (11th Cir. 2005) (disregarding subjective intentions).

stop." United States v. Ramirez, 476 F.3d 1231, 1236 (11th Cir. 2007) (internal quotation marks omitted). But an officer may detain a person for investigation unrelated to the stop's initial purpose where, under the totality of the circumstances, the officer "has objectively reasonable and articulable suspicion that illegal activity has occurred or is occurring." United States v. Arvizu, 122 S. Ct. 744, 750 (2002); United States v. Harris, 928 F.2d 1113, 1117 (11th Cir. 1991).

Here, supported by the magistrate judge's credibility determinations, the deputies possessed reasonable suspicion to justify their further investigation into possible criminal activity because the deputies smelled marijuana when they approached Corley's vehicle. See United States v. White, 593 F.3d 1199, 1203 (11th Cir. 2010). Given this reasonable suspicion, the duration of the stop--less than five minutes between the stop's beginning and the deputies' discovery of cocaine--was constitutionally permissible. See United States v. Purcell, 236 F.3d 1274, 1279 (11th Cir. 2001). Under the totality of the circumstances, we also see no error in the deputies' instruction for Corley to exit the vehicle, for the pat down of Corley, or for the seizure of marijuana from Corley's pocket. See Pennsylvania v. Mimms, 98 S. Ct. 330, 333 n.6 (1977); Minnesota v. Dickerson, 113 S. Ct. 2130, 2137 (1993); United States v. Knight, 562 F.3d 1314, 1327 (11th Cir. 2009).

Last, Corley contends that the deputies' search of Corley's trunk violated his

5

Fourth Amendment rights. A warrantless search and seizure of a vehicle is permissible, even without consent, when officers have appropriate probable cause: in this context, "when under the totality of the circumstances, there is a fair probability that contraband or evidence of a crime will be found in the vehicle." United States v. Lindsey, 482 F.3d 1285, 1293 (11th Cir. 2007). Because the deputies smelled marijuana and found Corley in possession of marijuana, the totality of the circumstances supported the warrantless search of the trunk here. See United States v. Lueck, 678 F.2d 895, 903 (11th Cir. 1982).

AFFIRMED.